## City of Chicago v. Bernard F. Weber.

1. Special Assessments—*By Villages Before Annexation to the City of Chicago—Right to Abandon the Improvement.*—The village of Rogers Park levied a special assessment and issued its orders to the commissioners for making the same, to be paid only out of the moneys received from the collection of such assessment. Afterward such village was annexed to and became a part of the city of Chicago. *Held,* that the city had a lawful right to discontinue the assessment proceedings and abandon the improvement, to pay for which the assessment was made.

2. SAME—*Power of Cities After the Annexation of Villages Pending Proceedings.*—When in the progress of proceedings to make improvements by special assessment under the act to provide for the incorporation of cities and villages, a village becomes annexed to a city, the city has the same power in respect to the proposed improvement and assessment which the village had prior to such annexation.

3. SAME—*Vested Rights to a Continuance of Special Assessment Proceedings.*—The owners of property assessed on account of special benefits to accrue to it by reason of a proposed improvement have no vested rights to a continuance of the proceedings and no power to prevent their abandonment by the municipality.

4. SAME—*Municipalities the Exclusive Judges as to Whether Local Improvements Shall be Made—Abandonment of Proceedings.*—A municipal corporation, acting under the statute, is the exclusive judge of whether a local improvement which it is authorized to make shall be made, and if it orders such an improvement to be made and to be paid for by means of a special assessment, and such assessment is made and confirmed as prescribed by the statute, such corporation does not thereby become legally bound to make the improvement, but may lawfully abandon it and all proceedings in relation to it.

5. SAME—*Commissioners Who Make the Assessment Not the Agents of the Municipality.*—The commissioners who make a special assessment are not the agents of the municipality ordering the improvement but are officers of the court appointing them for that purpose, and no contractual relation exists between them and the municipality.

6. SAME—*Compensation of Commissioners Where the Proceedings are Abandoned.*—Where an improvement is ordered to be made and the cost of the same is to be paid by special assessment, and such assessment is made by commissioners appointed by the County Court for the purpose, whose compensation is to be paid out of the assessment when collected, and afterward the proceedings are dismissed and the improvement abandoned, an action will not lie by the commissioners against the municipality for dismissing such proceedings.

Action Ex Delictu, for dismissing a proceeding for collecting a special assessment, etc. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed May 6, 1901.

Statement.—Appellee sued appellant in case. The declaration contains six counts, the first of which, omitting the formal commencement, is as follows:

" For that whereas, on the sixteenth day of November, 1892, the village of Rogers Park, being then and there a municipal corporation in the county of Cook and State of Illinois, organized and existing under and by virtue of an

act of the legislature of said State, entitled 'An act to provide for the incorporation of cities and villages, approved April 10, 1872, in force July 1, 1872,' the board of trustees thereof did regularly pass and adopt an ordinance providing for the improvement of certain streets within said village by the construction of a tile sewer therein, which ordinance did specify fully the nature, character, locality and description of said improvements and provide that the cost thereof should be paid by special assessment levied upon the property within the village to be benefited thereby to the extent that the same should be benefited, and the remainder by general taxation; and in and by said ordinance said board of trustees appointed three competent persons to make an estimate of the cost of said improvement, including labor, material and all other expenses attending the same and the cost of making and levying the assessment therefor, and said commissioners, so appointed, in due course made report in writing to said board of trustees, and therein estimated the cost of said improvement at $3,500, and upon said report being filed in the office of said board of trustees, and by them approved, as in fact it was, said board of trustees ordered a petition to be filed by the attorney of said village in the County Court of Cook County for proceedings to assess the cost of said improvement in manner provided by law, and on the 26th day of January, 1893, said village attorney filed in the name of said village in said County Court, a petition as directed, which recited said ordinance for said proposed improvement, the report of said commissioners, and prayed that the cost of such improvement might be assessed in the manner prescribed by law; which petition, and the proceedings thereunder, are entitled and known in the records of said County Court as 'Rogers Park Special Assessment No. 23;' and upon the filing of said petition said County Court appointed three competent persons, to wit, Edward H. Alling, W. A. Harmon and D. J. McMahon to be commissioners, to make a true and impartial assessment of the cost of said improvement upon the said village and the property to be benefited by said improvement to the best of their ability and according to law. And said commissioners severally took and subscribed the oath in such case and provided and entered upon the discharge of their duties as such commissioners; and did with all reasonable expedition, spread and levy said assessment and did all such acts and things as are reasonably necessary, usual and proper in the spreading and levying of like assessments according

to law and the practice and requirements of said County
Court; and in so doing said commissioners examined the
locality where said improvement was proposed to be made,
and the several lots, blocks, tracts and parcels of land that
would be specially benefited thereby, and estimated what
proportion of the total cost of such improvement would be
a benefit to the public, and what proportion thereof would
be a benefit to the property to be benefited, and appor-
tioned the same between the said village and such property
so that each should bear its relative equitable proportion,
and having found said amounts said commissioners appor-
tioned and assessed the amount so found to be of benefit to
the property upon the said several lots, blocks, tracts and
parcels of land in the proportion in which they would be
severally benefited by such improvement, and in such a
manner that no lot, block, tract or parcel of land was
assessed a greater amount than it would be actually bene-
fited. And said commissioners also made an assessment
roll, in which appeared the names of the owners so
far as known, a description of each lot, block, tract or
parcel of land and the amount assessed in respect of said
improvement as special benefits thereto, and in which said
commissioners did set down as against said village the
amount which they found as public benefit; and said com-
missioners certified said assessment roll to said County
Court on the third day of February, 1893, and at least ten
days before the first day of the term of said court, at which
a final hearing thereon was to be had. And said commis-
sioners gave notice of such assessment and of the term of
court at which a final hearing thereon would be had, in
manner required by law, and before said final hearing filed
in said court the affidavit of one of them stating that
they had sent, or caused to be sent, by mail, to the owners
whose premises had been assessed and whose names and
place of residence were known to them, the notice required
by law to be sent by mail to owners of premises assessed,
and said commissioners also caused to be filed the affidavit
of the person who posted the notices required by law to be
posted, setting forth when and in what manner the same
were posted; and said commissioners also filed in said court
a certificate of publication of said notice in like manner as
is required in other cases of publication of notices. And
said court regularly entered an order in said matter fixing
a time within which objections should be filed to said
report, certified as aforesaid. And no objections were filed
as to the large majority of the properties assessed. And

on said assessment coming up regularly for final hearing on the 17th day of February, 1893, said County Court made and entered its final order in said matter, confirming said assessment as to all the several lots, blocks, tracts and parcels of land in respect to which no objections had been filed within the time ordered by said court; and as to the several lots, blocks, tracts and parcels of land in respect to which objections were filed within the time ordered by the court, a trial by jury was regularly had, and on the 10th of March, 1893, a verdict was returned in favor of the said petitioner, the village of Rogers Park. And plaintiff avers that the services rendered by the said commissioners, Alling, Harmon and McMahon, in spreading and levying said assessment as aforesaid, were reasonably worth the sum of $75, and that on or about the 21st day of February, 1893, the said commissioners presented their claim for said services to the board of trustees of said village, and on presentation thereof the said president and trustees of said village after due consideration, and being fully advised in the premises, regularly allowed the same, and ordered it paid out of the first installment, to be collected from said special assessment, and thereupon made and delivered a warrant payable to the order of said commissioners for the sum of $75, drawn under the treasurer of said village, and expressed to be payable out of the first installment of said special assessment, and only out of the moneys received from the collection of said installment, a copy of which warrant is in the words and figures here following:

' No. 806. Village of Rogers Park, Ill., Feb. 21, 1893. Treasurer of the Village of Rogers Park:

Pay to the order of Edward H. Alling, D. J. McMahon, W. A. Harmon $75, services as commissioners, out of the first installment of special assessment No. 23 fund.

By order of the president and board of trustees.

This voucher is issued under the act of the legislature of the State of Illinois, approved April 29, 1887, is due with the taxes of 189–, and this voucher can only be paid out of the money received from the collection of the above named installment.

(In consideration of the issuing of this voucher we hereby for ourselves, our heirs, executors, administrators and assigns, accept the same in full, payment of the amount herein stated, and relinquish any and all claims or liens we may have against the village of Rogers Park for the work mentioned herein, or for the payment of this voucher,

except from the collection of the installment herein named.)
$75.

Countersigned:

EDWARD A. SHARP,                    ANDREW T. HODGE.
        Village Clerk.              President of Village.

[Village of Rogers Park Corporate Seal.]'

And plaintiff avers that on or about the       day of Feb-
ruary, 1893, for value received, said commissioners indorsed
said warrant over to plaintiff, and plaintiff ever since has
been and now is the holder and owner of said warrant.
And plaintiff avers that thereafter, after proceedings reg-
ularly had and taken, said village of Rogers Park was and
became annexed to and made part of the city of Chicago,
and thereby the defendant, the city of Chicago, became
obligated to assume, pay and discharge all the obligations
of said village.  And plaintiff avers that notwithstanding
the entry of said order of confirmation of February 17,
1893, and said verdict in favor of said petitioner of March
10, 1893, and in willful disregard of the rights of holders of
warrants issued against said special assessment (No. 23)
fund, and particularly of plaintiff, as the holder of said
warrant, February 21, 1893, and without making any pro-
vision for the payment thereof, said village and the city of
Chicago did, on the 1st day of April, 1895, wrongfully,
cause said petition in the matter of said assessment to be
dismissed, and all proceedings thereunder abandoned in
said County Court; by reason whereof plaintiff has been
and is greatly injured and damnified."

The remaining counts are the same as the first, with the
exception that they refer to different assessments, warrants
and dates; and also that in some of them it is averred that
objections to confirmation were filed, and that the assess-
ments were confirmed only as to property in respect to
which no objections were filed, and that the objections
were not disposed of.  The defendant, the city of Chicago,
filed a general demurrer to the declaration, and it was stip-
ulated between the parties that the demurrer should be
treated and considered as special.  The court overruled the
demurrer, the defendant elected to abide by its demurrer,
and the court assessed the plaintiff's damages at the sum of
$1,225.  The defendant moved to set aside the finding as
to the damages and also in arrest of judgment, and the
court overruled both motions.

Charles M. Walker, corporation counsel, Henry Schofield, assistant corporation counsel, attorneys for appellant.

Rubens, Dupuy & Fischer, attorneys for appellee.

Mr. Presiding Justice Adams delivered the opinion of the court.

The question presented by this record is, whether or not the court erred in overruling appellant's demurrer to appellee's declaration. The gist of the plaintiff's action is, as alleged in each count of the declaration, that the city, in willful disregard of the rights of the holders of the warrants set out in the declaration, and without making any provision for the payment thereof, wrongfully caused the petitions to be dismissed, and all proceedings in relation to the assessments to be abandoned.

That this is the gist of the action is conceded by appellee's counsel in their argument. They say:

" This is an action in case against the defendant based on its wrongful act in failing to collect certain special assessments, or make any other provision for the payment of the commissioners for services rendered by them, in making and spreading sundry special assessments particularly described in the declaration."

The action is *ex delicto*, and the wrong alleged is that the city wrongfully caused the petitions in the matter of the assessments to be dismissed and the proceedings thereunder to be abandoned in the County Court. This necessarily implies that it was the duty of the city to continue the assessment proceedings; that it had no right, after some of the assessments were wholly and others partially confirmed, to discontinue the proceedings.

If the city had lawful right to discontinue the assessment proceedings, and abandon the improvements to pay for which the assessments were made, then there was no wrong in the dismissal of the proceedings. Both the village of Rogers Park and the city of Chicago were acting under article 9 of the act for the incorporation of cities and villages, the former when it is alleged it ordered the making

of the improvement by means of special assessments, and the latter when it dismissed the special assessment proceedings, and after the annexation of the village to the city the latter had the same power in respect to the proposed improvements which the former had prior to such annexation. A municipal corporation, acting under article 9, is the exclusive judge of whether a local improvement which it is authorized to make, shall be made, and if it order such an improvement to be made, by means of a special assessment to defray its cost, and such assessment is made and confirmed, as prescribed by the statute, it does not thereby become legally bound to make the improvement, but may lawfully abandon it and all proceedings in relation to it. City of Chicago v. Barbian, 80 Ill. 482; City of Bloomington v. Miller, 84 Ib. 621, 622; Herfort v. Breckinridge, 87 Ib. 205, 209; C. & N. W. Ry. Co. v. City of Chicago, 148 Ib. 141, 151; City of Chicago v. Hayward, 176 Ib. 134; City of Chicago v. Shepard, 8 Ill. App. 602; 2 Dillon on Mun. Corp., 4th Ed., Sec. 608; Maryland v. Graves et al., 19 Md. 351.

In City of Chicago v. Barbian, *supra*, the city instituted condemnation proceedings for the purpose of widening a street, and the compensation to be paid to the owners of property to be taken or damaged was ascertained by a jury, and a conditional judgment was entered. Also, although this is not shown in the report of the case, a special assessment was made by commissioners appointed by the court to pay the compensation awarded, and was returned into court. Subsequently the city repealed the ordinance ordering the improvement and dismissed the proceedings. Barbian, an owner of property in respect of which compensation had been awarded, petitioned for a writ of mandamus to compel the city to levy and collect a tax to pay his compensation or damages. The trial court overruled a demurrer to the petition, and awarded the writ, but the Supreme Court reversed the judgment, on the express ground that the city had the right to abandon the proposed improvement and dismiss the proceedings.

In City of Chicago v. Shepard, *supra*, it appeared that, in a condemnation proceeding for the opening and extension of a street, compensation had been awarded in respect to property owned by Shepard and others, and proposed to be taken or damaged, and an assessment to pay the cost of the proposed improvement had been made and confirmed, and a warrant had been issued and a large part of the assessment collected; after which the city withdrew the warrant and abandoned the improvement. Shepard sued the city for the amount awarded in respect of his property, and recovered judgment in the trial court, which judgment was reversed in this court. The court, McAllister, J., delivering the opinion, say :

" It is the settled law of this State, that the applicant for condemnation may, at any time before payment of the compensation, discontinue and abandon the improvement and all proceedings to carry it into effect."

If the city may abandon such an improvement as the opening or widening of a street, after the compensation in respect to private property proposed to be taken or damaged has been ascertained by the verdict of a jury and awarded by a judgment, and an assessment to pay the amount awarded has been made, confirmed and partially collected, *a fortiori*, there may be an abandonment of an assessment of benefits for the improvement of a street, in which proceeding no question of damage to private property is involved.

The owners of property assessed on account of special benefit to accrue to it, by reason of the proposed improvement of a street, have no vested right to a continuance of the proceedings.

But counsel for appellee contend that the city owed to the commissioners, who made the assessments set forth in the declaration, and under whom appellee claims, the duty of continuing and prosecuting the proceedings and collecting the assessment. Counsel say:

" They (the commissioners) had a settlement with the village board, and had received their vouchers, and they were entitled to have the city not only refrain from placing

an absolute barrier in the way of their ever being paid in the manner agreed, as was done by dismissing the proceedings, but were entitled to have the city use due and proper diligence to collect the fund from which they were to be paid."

In other words, notwithstanding the city had lawful right to abandon the contemplated improvements, which necessarily involved a dismissal of all proceedings in relation to them, the city was bound to continue the assessment proceedings and collect the assessments. The commissioners who made the assessments, and by assignment from whom appellee claims, were not agents of the village of Rogers Park, nor did any contractual relation exist between them and that village; they were appointed by the court to make the assessment under section 23 of article 9 of the city and village incorporation act, and were officers of the court for that purpose; their compensation was authorized by section 20 of article 9 to be included in the estimate of the cost of the work, and the compensation of the commissioners was, presumably, included in the amount to be assessed against property specially benefited. Kimble v. City of Peoria, 140 Ill. 157.

The city, having determined to abandon the improvements, necessarily dismissed the proceedings, the only object of which was to raise money to pay for them. It could not enforce assessments for the cost of improvements which it had determined not to make. Counsel evidently perceive this difficulty, because, in another part of their argument, they say, in substance, that the commissioners must be paid from the special assessments, " or, in case the city refuses to collect the assessments, it then becomes liable." The declaration, however, is not framed, or the action brought, on the theory indicated in the language quoted, but on the theory of a wrong committed by the city, viz., that it wrongfully caused the petitions for assessments to be dismissed, and all proceedings thereunder to be abandoned. To sustain the action of the trial court in overruling the demurrer to appellee's declaration, would be to hold that the city wrongfully and unlawfully abandoned

the improvements and dismissed the petitions, which, in view of what we deem the well settled law of the State, we can not hold. We have examined the cases cited by appellee's counsel, and find them inapplicable to the present case. Whether the city is or not liable in an appropriate action, is a question not presented by the record, and therefore not considered in this opinion.

For the error in overruling appellant's demurrer to appellee's declaration, the judgment will be reversed and the cause remanded.