## ST. LOUIS & S. F. R. CO. et al. v. CITY OF ADA et al.

No. 5935—Opinion Filed Sept. 11, 1917.

(167 Pac. 621.)

(Syllabus by the Court.)

1. **Municipal Corporations—Special Assessments—Relief—Statute.**

Although Laws of 1907-1908, p. 176, sec. 7 (Section 644, Rev. Laws 1910), forbids a suit

to set aside any special assessment provided for by Laws of 1907-1908, pp. 166-177 (sections 608-646, Rev. Laws 1910), or to enjoin the levying or collection of any such assessment, or installment thereof, or interest or penalty thereon, etc., or contesting the validity thereof on any ground, or for any reason other than the failure of the city council to adopt and publish the preliminary resolution provided for in cases requiring such resolution and its publication, and to give notice of the hearing on the return of the appraisers, unless such suit shall be commenced not more than 60 days after the passage of the ordinance making such final assessment, this section of the statutes (section 644, Rev. Laws 1910) does not affect the right of a party whose property is subject to such special assessment to obtain equitable relief from the same to the extent of the city's abandonment of the improvement for which the same was made.

## 2. Same—Excessive Assessment—Injunction —Application as Credits.

Under the provisions of article 12, c. 10, Rev. Laws 1910, where a city has, in accord with the provisions of said article 12, paved certain of its streets with asphalt, affecting the property of a steam railway company, and has passed a proper assessment ordinance to meet the cost of the same, but its mayor and councilmen have informally authorized and with full knowledge, permitted such steam railway company to pave at its own expense between its tracks and two feet on either side thereof with "oak headers" where its tracks cross such streets, instead of with asphalt, as it would otherwise be required to do by Laws 1907-1908, pp. 166, 167 (sections 610, 611, Rev. Laws 1910), and where the prior special assessment against such steam railway company includes the cost of asphalt paving in the spaces so afterwards paved with "oak headers," and where such steam railway company, after paying two of the ten installments assessed it on account of the asphalt pavement so made and also on account of asphalt pavement so omitted affecting its property, seeks to enjoin the collection of such excessive portion of the remaining eight installments and to have such excessive portion of the two installments already paid by it applied as a credit to the remainder of the third installment assessed against it; and where, although nearly three years have elapsed between the date of such special assessment ordinance and the suit for such injunction, such city has taken no steps to put down nor to require such steam railway company to put down asphalt pavement in the spaces covered by such "oak headers," and, in such suit, alleges no intention to do so, the proposed asphalt pavement in such spaces will be deemed to have been abandoned by such city and the originally anticipated cost of such portion of such improvement will be deemed an excessive assessment from which such steam railway company is entitled to such injunctional relief.

(a) Since, under Laws 1907-1908, p. 175, part of section 6 (section 642, Rev. Laws 1910), the assessments provided for and levied under article 12, c. 10, Rev. Laws 1910, together with the interest thereon, when collected, constitute a separate special fund to be used to pay the bonds and interest thereon authorized by said article, and since the statutes direct the application of such fund to no other purpose, such property owner who has paid such excess, although without protest, in one or more installments may, in such a case as this, have the same applied as a credit upon future installments collectable against his property.

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Suit by the St. Louis & San Francisco Railroad Company and others against the City of Ada, a municipal corporation, and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded, with instructions.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiffs in error.

J. W. Dean, City Atty., and Wimbish & Duncan, for defendants in error.

THACKER, J. This case, commenced on September 1, 1913, involves a question of error of the trial court in refusing plaintiff in error an injunction against defendants in error to prevent the future collection of an alleged excessive portion of a special assessment in ten annual installments against it under a paving ordinance of September 19, 1910, passed by the city of Ada, in accord with the provisions of article 12, c. 10, Rev. Laws 1910, and in refusing to allow plaintiff in error a credit to the amount of $403.41 upon the third of said ten installments on account of an alleged excess of $203.66 assessed for and paid in 1911 as a part of the first installment and $199.75 assessed for and paid in 1912 as a part of the second installment.

This paving ordinance called for asphalt pavement affecting the property of the owners in two paving districts, including property of the plaintiff in error; but the plaintiff in error, in accord with an informal understanding between itself and the mayor and city council of the city of Ada, of which no record was made, at its own expense, put down "oak headers" between and on either side of its rails for the space of about nine feet at its Broadway, Townsend avenue, and Main street crossings, in lieu of such asphalt pavement, and the city has taken no subsequent steps and alleges no intent to require or put down asphalt pavement at these crossings.

The rights and duties of the parties in this case are governed by Laws 1907-1908, pp. 166-170 (sections 610, 611, 622, 628, 629, 630, and 631, Rev. Laws 1910).

The plaintiff in error claims that of the total amount of $6,121.77 assessed against it for asphalt paving at its Broadway crossing, $748.58 is excessive; that of the total amount of $2,937.07 assessed against it for asphalt paving at its Townsend avenue crossing, $799.42 is excessive; that of the total amount of $4,026.28 assessed against it for asphalt paving at its Main street crossing, $1,039.07 is excessive; and, as will be seen from the foregoing, that the total amount of these excessive assessments against it for the ten years is $2,587.07.

The plaintiff in error asserts in its brief that while the total amount assessed against property owners in the two paving districts is $84,889.72 (instead of 84,123.72 as alleged in its petition), including $5,022.92 assessed against the property of the Missouri, Kansas & Texas Railway Company and paid by it in accord with the provisions of section 633, Rev. Laws 1910, the actual cost of the improvement was only $77,869.91, which is $6,253.81 less than the total amount assessed against such property owners, notwithstanding it apparently admits that this $77,869.91 does not include the cost of the paving on account of which said $5,022.92 was assessed against the property of the Missouri, Kansas & Texas Railway Company, and paid by the latter, so that we feel justified in construing its brief as admitting in effect that the actual cost of the entire improvement was $82,892.83, which the trial court found from the evidence to be the cost of the same. Since it is obvious that if the total assessment of $84,889.72 includes said $5,022.92, the subtrahend to be used in ascertaining the total amount of the excess assessed against the property in said districts must include the cost of the paving on account of which said $5,022.92 was assessed, it will be seen that the actual cost of the entire improvement in these districts is only $1,996.89 less than the total amount assessed against all the property in these districts, which is $590.81 less than the plaintiff in error claims to be the excess of the levy against itself.

It also appears that 80 bonds, each for $1,000, besides interest, were issued, and that 78 of these bonds were delivered to the construction company in full payment for the asphalt pavement put down, leaving two of these bonds still in the hands of the city.

The plaintiff in error has not only failed to explain the foregoing discrepancies in its figures or the relation of some of them to the question of the amount of the excess as-sessed against its property, but does not make clear just how it claims this excess of $2,587.07 arises, although apparently attributing it to the fact that the city of Ada abstained from requiring solid concrete paving in certain spaces at its aforesaid street crossings and permitted the plaintiff in error to put down "oak headers" therein at its own expense. Both the briefs and the record abound in apparently inconsistent and irrelevant, and certainly confusing, figures and statements; but, although it does not seem absolutely certain that the total excess in the amount assessed is against the property of the plaintiff in error, it appears reasonably certain that the assessment against its property is for at least $1,996.89 in excess of the cost of the improvement chargeable thereto on account of the omission to pave with asphalt the space where the plaintiff in error put down "oak headers," and that the plaintiff in error is entitled to have this amount deducted from the total amount assessed if, as we think, the city should be regarded in this case as having abandoned its purpose to make or require asphalt pavement in these spaces at these crossings under the ordinance mentioned. In Shultz v. Ritterbusch, County Treasurer, etc., 38 Okla. 478, 134 Pac. 961, it was held:

"Where, pursuant to article 2, c. 8, Sess. Laws 1901 (article 6, c. 12, Wilson's Rev. & Ann. St. 1903), proceedings were commenced for the construction of street improvements and progressed so far as to result in a contract between the city and a construction company, the execution of which was thereafter perpetually enjoined, and where pending said proceedings an act approved April 17, 1908, was passed, after which the city abandoned all proceedings under the former, and proceeded to make the proposed improvements under the latter act before the same became effective, which were abandoned, and where, after said act became effective, the city passed and published the resolution of intention in question, the commencement of the assessment in controversy, and which is unassailed, held, that Comp. Laws 1909, sec. 732, means that the proceedings, if commenced under the prior act, should not be affected by the latter act and might be completed, if at all, pursuant to the prior act; held, further, that all proceedings of the city council looking to said improvements were necessary preliminary steps to be taken by the common council, and in its discretion might be receded from at any time before the contract for the improvement is concluded."

In 4 McQuillin, Municipal Corporations, sec. 1847, it is said:

"Unless restricted, public improvements proposed or begun may be discontinued or abandoned by the municipal corporation. As mentioned elsewhere, usually the municipal

corporation is the sole judge as to whether certain improvements should be made, and if it orders such improvements to be made, it may lawfully abandon them and all proceedings relating thereto, provided such step is seasonably taken."

In Chicago v. Weber, 94 Ill. App. 561, it is held that property owners assessed for an improvement cannot prevent the city from abandoning the same.

And in Toledo v. Jacobson, 11 Ohio Cir. Ct. R. 220, 5 O. C. D. 137, a failure to comply with certain statutory provisions was held to be an abandonment of a proposed improvement on the part of the city, although in that case a general provision of a section of the statute found in another chapter that after six months have elapsed without the city having proceeded with the proposed improvement it shall be held to have abandoned it was, by construction, held applicable. Gage v. Chicago, 193 Ill. 108, 61 N. E. 850; Sowers v. Cinn., etc., R. Co., 162 Ind. 676, 71 N. E. 134; Re Roffignac St., 4 Rob. (La.) 357; Mayor, etc., of Baltimore v. Musgrave, 48 Md. 272, 30 Am. Rep. 458; Re Military Parade Ground, 60 N. Y. 319.

It is contended by defendant in error, and the trial court held, that the plaintiff in error is precluded by Laws of 1907-1908, p. 176, sec. 7 (section 644, Rev. Laws 1910), from questioning the assessment against it (Weaver v. City of Chickasha, 36 Okla. 226, 128 Pac. 305; Norris v. City of Lawton, 47 Okla. 213, 148 Pac. 123), but the plaintiff in error claims, and it appears to be conceded, that as a result of the conduct of the city subsequent to the assessment in omitting to pave the spaces mentioned at the three street crossings mentioned, there is an excessive assessment, so that the question here arises out of subsequent events, and was not involved in nor determined by that assessment.

Although Laws of 1907-1908, p. 176, sec. 7 (section 644, Rev. Laws 1910), forbids a suit to set aside any special assessment provided for by Laws of 1907-1908, pp. 166-177 (sections 608-646, Rev. Laws 1910), or to enjoin the levying or collecting of any such assessment, or installment thereof, or interest or penalty thereon, etc., or contesting the validity thereof on any ground, or for any reason other than the failure of the city council to adopt and publish the preliminary resolution provided for in cases requiring such resolution and its publication, and to give notice of the hearing on the return of the appraisers, unless such suit shall be commenced not more than 60 days after the passage of the ordinance making such final assessment, this section of the statute (section 644, Rev. Laws 1910) does not affect the right of a party whose property is subject to such special assessment to obtain equitable relief from such special assessment to the extent of the city's abandonment of the improvement for which the same was made.

It must be obvious that this statute does not and cannot make an assessment collectable regardless of the conduct of the city subsequent to the passage of the ordinance, as where the city has, as in this case, abandoned in part the projected pavement under such ordinance.

In the case of Spitzer v. City of El Reno, 41 Okla. 430, 138 Pac. 797, where interest to the amount of $14,549.17 had accrued prior to the completion of the construction of certain street improvements for which the contractor was to accept the bonds at their face value when such improvements were completed and $7,500 had been collected as penalties for delinquencies in the payment of the first installment of the special assessment, it was said that neither the city nor the holder of any bond for the payment of which the adequate provision required by statute had been made had any right to or interest in excessive collections made under such special assessment, and that the same may be returned to the property owners paying it. The reason for the holdings in that case supports the conclusion arrived at in the instant case that where a city has abandoned a portion of a proposed improvement it is not entitled to collect that portion of the special assessment which was made on account of the abandoned portion of the improvement, as it would be not only useless, but detrimental, to allow the city to collect the same.

The judgment of the trial court is reversed, and this cause is remanded, with instructions to enter, in accord with the views expressed in this opinion, judgment allowing the plaintiff in error a credit for excessive payments in 1911-1912, and enjoining the future collection of excessive assessments against it, to which end the trial court may, if it thinks necessary or proper, grant another trial or hear additional evidence as to the amount of such excessive levies.

All the Justices concurring, except Justice OWEN, who was not present.