### ST. LOUIS-S. F. RY. CO. v. CITY OF BLACKWELL et al.

No. 13465—Opinion Filed Sept. 23, 1924.

1. **Municipal Corporations—Paving Assessments—Limitation of Actions to Resist.**

The provisions of section 644, Rev. Laws 1910, section 4619, Comp. Stat. 1921, limiting the time to sixty days, after the passage of the assessment ordinance, in which suit shall be commenced to set aside any special assessment for paving, or to enjoin the levying or collecting of such assessment, or installment thereof, or interest or penalty thereon, or issuing bonds, or providing for their payment, or contesting the validity thereof on any ground, or for any reason other than for the failure of the city council to adopt and publish the preliminary resolution provided for in cases requiring such resolution and its publication has no application to and does not affect the right of a party, whose property is subject to such special assessment, to obtain equitable relief from the same to the extent of the city's abandonment of the improvement, for which the same was made.

2. **Same—Pavement by Owner Himself.**

Where a city has, under the authority of article 7, c. 10, Rev. Laws 1910, by resolution, ordered certain of its streets paved, and awarded the contract therefor, and the city, through its agent, the engineer in charge of the work for the city, agreed with and authorized one of the property owners, whose property was affected, to do his own paving, and pursuant thereto such owner did the paving in front of and adjacent to his property at his expense, the city will be deemed to have abandoned that portion of its paving project, and the original cost, estimated for the paving of the streets involved, will be deemed excessive as to that portion paved by the owner, and such owner is entitled to relief therefrom by injunction.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by the St. Louis-San Francisco Railway Company against the City of Blackwell et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

W. F. Evans and Stuart, Sharp & Cruce, for plaintiff in error.

Roy W. Cox, Howard F. Wilson, and John S. Berger, for defendants in error.

Opinion by JARMAN, C. This was an action in the district court of Kay county brought by the St. Louis-San Francisco Railway Company, plaintiff, against the city of Blackwell et al., defendants, for a permanent injunction to prevent the collection of certain assessments for paving. The court sustained the objection of the defendants to the introduction of any evidence by the plaintiff upon the ground that the petition of the plaintiff failed to state a cause of action and that the same showed on its face that the cause of action was barred by the statute of limitations, and judgment was rendered against the plaintiff dismissing said action, from which the plaintiff brings error.

The plaintiff alleged that it was the owner of lots 5 and 6 in block 50 of the city of Blackwell; that, pursuant to a resolution duly passed by the city officials of the city of Blackwell, a contract for the paving of Main street in said city was let to M. A. Swatek & Company, and that the supervising of said paving was to be under the direction of the Benham Engineering Company, acting as the agent of the city of Blackwell, and authorized to represent said city in connection with the paving of said Main street; that, after said paving contract was let, the Benham Engineering Company, as the agent of the city of Blackwell, addressed a letter to F. P. Swartz, district engineer of the plaintiff railway company,

inquiring whether the plaintiff desired to do its own paving on Main street in front of said lots, and, in answer thereto, the plaintiff, through its district engineer, Swartz, advised the Benham Engineering Company, agent of the city of Blackwell, that the plaintiff desired to do its own paving; and thereafter, and, in response thereto, the city of Blackwell, through its agent, Benham Engineering Company, notified the district engineer of the plaintiff, Swartz, that it would be satisfactory for the plaintiff to do its own paving; that, in pursuance of this agreement, the plaintiff constructed, at its own cost, the paving in front of and adjacent to said lots, but that, notwithstanding this fact, the city of Blackwell issued its bonds against said lots for the proportionate part of the paving of Main street, and said bonds were delivered to the contractor, M. A. Swatek Company, defendant, with the knowledge that neither the city of Blackwell nor M. A. Swatek & Company paved Main street in front of and adjacent to said lots, and with the knowledge that the city of Blackwell, by its agent, Benham Engineering Company, had agreed for the plaintiff to do its own paving in front of said lots, and that the plaintiff had done said paving.

The only question presented is whether the plaintiff's cause of action is barred by the statute of limitations.

The petition of the plaintiff shows that this action was not begun until more than 60 days after the assessment ordinance was passed, and it is the contention of the defendant that under section 644, Rev. Laws 1910, sec. 4619, Comp. Stat. 1921, the plaintiff's cause of action is, therefore, barred. This section provides that an action cannot be sustained to set aside any assessment for paving or to enjoin the levying or collecting of any such assessment "for any reason other than for the failure of the city council to adopt and publish the formal resolution provided for in cases requiring such resolution and its publication, and to give the notice of the hearing on the return of the appraisers, unless such suit shall be commenced not more than 60 days after the passage of the ordinance making such final assessment."

The petition does not allege, and it is not contended by the plaintiff, that the proceedings of the city authorities, upon which the special assessment is based, are irregular or void, and the defendants contend that such being the case, this action could not be maintained, since it was commenced more than 60 days after the passage of the assessment ordinance, and this is apparently the theory on which the trial court sustained the objection to the introduction of any evidence under the petition.

This position is not tenable, for this action is not based on the theory that the proceedings upon which the special assessment is based are void, but on the theory that the city abandoned that part of its paving program pertaining to the lots of the plaintiff. The plaintiff urges the proposition that when the city agreed that the plaintiff should do its own paving, and, in pursuance of said agreement, the plaintiff did said paving at its expense, that this amounted to an abandonment of that portion of the city's paving project, and, therefore, the city had no authority to make an assessment against the plaintiff for that portion of the paving that was done by the plaintiff and paid for by it. The case of St. Louis-San Francisco Ry. Co. v. City of Ada, 64 Okla. 279, 167 Pac. 621, is directly in point and is decisive of this question. That was an action for an injunction to prevent the collection of an alleged excessive portion of a special assessment under a paving ordinance. The paving ordinance called for asphalt pavement, affecting the property of the owners in two paving districts, which included the property of the plaintiff, but the plaintiff in that case "in accord with an informal understanding between itself and the mayor and city council of the city of Ada, of which no record was made, at its own expense, put down 'oak headers' between and on either side of its rails for a space of about nine feet at its Broadway, Townsend avenue and Main street crossings, in lieu of such asphalt pavement." That action was not begun until more than 60 days after the passage and approval of the assessment ordinance and it was contended by the defendants therein, just as it is contended here by the defendants in the instant case, that the action was barred by section 644, Rev. Laws 1910, supra; but the court held that the informal understanding between the railway company and the mayor and city council of Ada, whereby the railway company was permitted to put down the "oak headers" between and on either side of its rails instead of asphalt pavement and the carrying into effect this informal understanding by putting down "oak headers" constituted an abandonment by the city of Ada of that portion of its paving project, and that the statute requiring that an action to enjoin the levying or collecting of an assessment, shall be commenced not more than 60 days after the passage of the assessment ordinance, "does not affect the right of the party, whose property is subject to such special assessment, to obtain equitable relief from the same to the extent of the city's abandon-

ment of the improvement for which the same was made."

It would be fundamentally wrong and a travesty on justice to permit the city to collect for the paving, which it, by agreement, permitted the plaintiff to do, and which was paid for by the plaintiff.

The question of an innocent purchaser is not involved here because it is alleged in the petition, which is admitted to be true, in objecting to the admission of evidence, under the petition, that M. A. Swatek & Company procured the bonds with full knowledge of all the facts in the case.

It is further contended that the Benham Engineering Company had no authority to act for and bind the city in agreeing that the plaintiff might do its own paving. This is a matter of defense and cannot be raised in connection with an objection to the introduction of evidence, which is in effect a demurrer.

The defendants contend that the lots in question are not a part of the right of way of the plaintiff, and that under section 4586, Comp. Stat. 1921, a railway company has the right to pave only that portion of a street occupied by its tracks and two feet on either side thereof; and that the plaintiff, therefore, had no authority to pave the street in front of the property in question. The rule announced in the case of St. Louis-San Francisco Ry. Co. v. City of Ada, supra, applies with equal force whether the property is a portion of the right of way and without regard to its location, and whether owned by the railway company or an individual.

The defendants contend, further, that before the plaintiff would be entitled to be relieved from paying the special assessment made, that it should offer to pay its proportionate part of the preliminary costs of the improvements such as publication notices, preparation by the city engineer of estimates of costs, etc. This action involves only the assessment as made, and said assessment being invalid, for the reasons hereinbefore given, the city council, as provided by section 4619, Comp. Stat. 1921, may cause to be made and levied a new assessment for the proper amounts chargeable to the plaintiff.

The judgment of the trial court is reversed, and the cause remanded for further proceedings in keeping with the views herein expressed.

By the Court: It is so ordered.