Mrs. Clotilde H. Todd v. The City of Atchi-
son *et al.*

**No. 667.   (59 Pac. 676.)**

Taxation—*Special Assessments—Constitutional Provision.* The
special assessment authorized by law to be made upon the prop-
erty benefited in cities of the first class for guttering and paving
streets is a tax under the provisions of section 9 of article 15 of
the constitution.

Error from Atchison district court; W. T. Bland,
judge.   Opinion filed January 4, 1900.   Affirmed.

*J. T. Allensworth,* for plaintiff in error.

*Clifton B. Holbert,* city attorney, for defendants in
error.

The opinion of the court was delivered by

Wells, J. : The only question in this case is, Does
the special assessment authorized by law for gutter-
ing and paving streets in cities constitute a tax under
the provisions of section 9 of article 15 of the constitu-
tion?

The contention of the plaintiff in error is substan-
tially that the homestead-exemption law is to be
liberally construed ; that the supreme court has held
that the taxation referred to in section 1 of article 11
does not include special assessments (*Comm'rs of
Franklin Co. v. City of Ottawa,* 49 Kan. 747, 31 Pac.
788) ; that, therefore, the same term in section 9 of
article 15 does not include special assessments.   This
reasoning is not conclusive, even if we admit the cor-
rectness of the premises.   It was said in *Hines and
others v. The City of Leavenworth and others,* 3 Kan.
197 :

"Ordinarily such would be the case, but it is not

necessarily so. The intention of the lawmaker must control, and the intention is to be ascertained from all that is expressed rather than from the technical or general signification of a word. For example : The word 'officer' in some of the clauses of the constitution of the United States includes members of the national legislature, while the same word in other clauses does not include them. The general nature of the article or section in which they occur — the connection in which they stand — the probable object to be accomplished, and many other considerations, may and should be looked to to ascertain the meaning of the particular words. . . . If in construing the eleventh article the word 'assessment' be taken in its common acceptation, and in interpreting the twelfth article in its technical sense as above indicated, all difficulty in construing and harmonizing the two articles will vanish.''

But the fact is that the supreme court, in sustaining the validity of special assessments, notwithstanding section 1 of article 11 of the constitution, did not base the decision upon any definition of the terms ''tax'' or ''taxation,'' but upon the general principle that said article relates exclusively to finance and taxation, and only requires that all ordinary and usual assessments and taxation shall be imposed at a uniform and equal rate ; and all extraordinary and uncommon kinds of assessments and taxation are left to be regulated by law in the same manner as the same would be regulated if said constitutional provision did not exist. ( *Comm'rs of Ottawa Co. v. Nelson*, 19 Kan. 242.)

That the assessments authorized to be levied upon the property benefited by paving streets are taxes cannot be disputed. They are so referred to in the statute. They are stated to be taxes in *Comm'rs of Ottawa Co. v. Nelson*, supra, and are embraced in any proper general definition of that word. That the

framers of the constitution did not intend to exempt the homestead from the payment of this kind of taxes admits of scarcely a doubt.

The judgment of the district court will be affirmed.