## RITTERBUSCH, *County Treasurer,* v. HAVINGHORST, *City Treasurer.*

No. 1891.    Opinion Filed September 26, 1911.

(118 Pac. 138.)

TAXATION—Collection of Delinquent Street Assessments—Distribution of 18 Per Cent Interest. By section 727, Compiled Laws 1909, a county treasurer, to whom the city clerk of any city has certified a delinquent installment of an assessment for street improvements, is required to place such assessment and interest thereon on the delinquent tax list of the county, and collect the same as other delinquent taxes are collected, and thereupon pay to the city treasurer said installment of assessment and interest thereon collected, including the 18 per cent. per annum interest accruing on the installment assessment after its maturity until paid.

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Submission of controversy by C. R. Havinghorst, City Treasurer of Guthrie, against Fred W. Ritterbusch, County Treasurer of Logan County. Judgment for plaintiff, and defendant brings error. Affirmed.

This is a proceeding instituted in the court below upon an agreed statement of facts, for the submission of a controversy, under the provisions of section 4717 of Wilson's Rev. & Ann. Statutes.

The facts material to the consideration of the only question of law the proceeding presents, condensely stated, are: That installments of assessments in certain improvement districts in the city of Guthrie, levied against abutting property by ordinance of the city council, for the purpose of paying bonds issued in payment for the paving of streets in said districts, and maturing on the 1st day of September, 1909, were not paid at maturity. The city clerk, who had, as required by law, given notice of the maturity of said assessments and interest thereon, certified, after the installments became delinquent, the same, as required by law, to plaintiff in error, the county treasurer of Logan county, who will hereafter be referred to as the county treasurer. The county

treasurer spread said delinquent assessments and interest thereon upon the delinquent tax lists of the county, and proceeded to collect, and collected, same as delinquent taxes are collected. The statute authorizing assessments against abutting property for paving purposes provides that such assessments shall bear 7 per cent. interest per annum until paid, payable in each year at such time as the several installment assessments are made payable each year; and, if any assessment or interest is not paid when due, such assessment shall thereafter bear interest at the rate of 18 per cent. per annum until paid.

Defendant in error, the city treasurer of Guthrie, and hereafter referred to as such, has demanded of the county treasurer that he turn over to him all assessments and interest thereon collected by the county treasurer. The county treasurer refuses to pay over any sum collected by him in excess of the principal of the assessments and interest thereon at the rate of 7 per cent. per annum. The judgment of the trial court was that the county treasurer should turn over to the city treasurer all sums collected by him on said assessments, including the principal of the assessments and the 18 per cent. interest accruing thereon after the maturity of the assessments, and a writ of mandamus was awarded to the city treasurer, commanding the county treasurer to do so.

*James Hepburn,* County Atty., for plaintiff in error.

*Tibbetts & Green,* for defendant in error.

HAYES, J. (after stating the facts as above). It is the contention of the county treasurer that the moneys in the sum of 18 per cent. per annum on the assessments after maturity until paid, collected by him by reason of the provisions of the statute, are the property of Logan county, and that it is his duty to account for and pay over to the county all sums collected by him and remaining in his hands after paying to the city the principal of said assessments and 7 per cent. interest thereon. The statute governing this matter is to be found in that portion

of section 6 of the act of the Legislature, approved April 7, 1908 (section 727, Comp. Laws 1909), which reads as follows:

"It shall be the duty of such city clerk, not less than thirty days and not more than forty days before the maturity of any installment of such assessments, to publish in two successive issues of a daily paper, or in one issue of a weekly newspaper, published and of general circulation in said city, a notice advising the owner of the property affected by such assessment of the date when such installment and interest will be due, and designating the street, streets or other public places for the improvement of which such assessments have been levied, and that unless the same shall be promptly paid shall bear interest at the rate of eighteen per cent. per annum thereafter until paid, and proceedings taken according to law to collect said installment and interest; and it shall be the duty of the city clerk, promptly after the date of maturity of any such installment of assessment and interest, and on or before the fifteenth day of September in each year, to certify said installment and interest then due to the county treasurer of the county in which said city is located, *which installment of assessment and interest shall be by said county treasurer placed upon the delinquent tax list of said county for the current year and collected as other delinquent taxes are collected; and thereupon pay to the city treasurer for disbursement in accordance with the provisions of this act;* provided that failure of the city clerk to publish said notice of the maturity of any installment of said assessment and interest shall in no wise affect the validity of the assessment and interest."

The validity of this statute is not in any way contested, and this controversy turns upon the construction or meaning of that portion of the statute which we have italicized. Such ambiguity as there is in the statute lies in the clause reading, "and thereupon pay to the city treasurer for disbursement in accordance with the provisions of this act." The grammatical construction of this clause is defective. The active predicate "pay" is without either subject or object expressed. In order to determine who is to pay and what is to be paid, the immediate context and general purpose of the statute must be looked to. The preceding language of that part of the section which we have italicized clearly imposes upon the county treasurer two duties, to wit: To place upon the delinquent tax list of the county the assessments

certified to by any city clerk to him; and, secondly, to collect said assessment and interest thereon as other delinquent taxes. But these assessments are not taxes belonging to the county or state. Their disposition, when collected, is not provided for by the general statute regulating the collection and disbursement of the state, county, and municipal taxes. It was necessary for the legislators to provide some disposition of them by the county treasurer when collected by him. Otherwise there would be no way by which they could be applied to the purposes for which they are assessed and collected. This is done by the clause under consideration. The mandate of this clause becomes operative in the procedure for collecting and disposing of these delinquent assessments and interest thereon, when the funds are in the hands of the county treasurer; and it was intended that he should pay same over to the city treasurer. The county treasurer is required to collect these delinquent assessments and interest thereon as other delinquent taxes are collected; but the statute does not require the county treasurer to disburse them as other delinquent taxes and interest thereon are disbursed. The meaning of this statute will be made clearer, but not different, if the word "paid" is substituted for the word "pay." It would then read:

"Which installment of assessments and interest shall be by said county treasurer placed upon the delinquent tax list of said county for the current year and collected as other delinquent taxes are collected; and thereupon paid to the city treasurer for disbursement in accordance with the provisions of this act."

That such was the intent of the legislators is to be gathered from the general provisions and purposes of the statute. The total cost of street improvement provided for by this statute is assessed against the property in the improvement district. Improvement bonds are issued with which to pay for the improvements. One-tenth of the principal of these bonds becomes due and payable on the 15th day of September of each year, together with the interest on the amount of the bonds unpaid. The bonds, before maturity, may bear not exceeding 6 per cent. interest per annum, and after maturity, until paid, they bear 10 per cent.

per annum. It is the purpose of the statute that these bonds and all interest thereon shall be paid wholly out of the assessments levied against the property in the district, and the interest on such assessments. It is intended and contemplated that the assessments and interest thereon of any year shall pay the installment of bonds and interest maturing thereon during the same year; but, if the 18 per cent. interest which these assessments bear after maturity goes to and becomes the property of the county, it may easily occur that the statute will fail to accomplish its purpose in this respect; for, upon assessments becoming delinquent and pending the time their collection is being enforced, the bonds past due are bearing an increased rate of interest, to pay which no sources of revenue to the district is provided. The increased interest which the assessments are made to bear after maturity was provided, no doubt, not only for the purpose of securing the prompt payment of the assessments, but also for the purpose of providing a fund with which to pay the increased rate of interest on the bonds maturing, which must occur when there is delinquency in the payment of any assessment. Nor can any provision be found in the statute for the contention that all over 7 per cent. shall be retained by the county treasurer. The statute does not make any division of this interest. It contains no expression that part shall go to the city and the remainder to the couny. The whole of it goes, either to the city or to the county.

Gleaning the legislative intent from the general purpose of the act, and reading each and every part together, we think the trial court reached the correct conclusion, and its judgment should be affirmed.

All the Justices concur.