PATTERSON, *County Treasurer*, v. [WALLACE.

No. 4095.    Opinion Filed March 16, 1915.
Rehearing Denied April 27, 1915.

(147 Pac. 1034.)

MUNICIPAL CORPORATIONS—Special Assessments—Exemptions—
Homestead. The provision of article 12, c. 10, Rev. Laws 1910 (sections 608-646), which authorizes municipal corporations to impose a penalty of 18 per cent. after maturity for nonpayment of any assessment for improvements constructed under and by virtue of the provisions of said article applies to homesteads within the improvement district, and a lien attaches thereto as to other property for such penalty, and such homestead may be sold under the provisions of said article to enforce the payment thereof.

(Syllabus by the Court.)

Brown, J., dissenting.

*Error from District Court, Canadian County;*
*J. J. Carney, Judge.*

Action by Helen C. Wallace against Lee R. Patterson, County Treasurer. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*Sam T. Roberson,* County Attorney, and *Thomas E. Reid,* City Attorney of El Reno, for plaintiff in error.

*W. M. Wallace,* for defendant in error.

HARDY, J. Defendant in error, Helen C. Wallace, commenced this action in the district court of Canadian county, against plaintiff in error as county treasurer, to restrain him from selling lots 14 and 15, block 151, in the city of El Reno, for the collection of a certain special assessment with interest and ·penalties thereon, she alleging in substance: That said city of El Reno, prior thereto, had caused certain paving to be done, and assessed said lots 14 and 15, in block 151, the sum of $180.99, the first payment of which was due September 1, 1911, with 7 per cent. interest on the total amount of said assessment, to said date, making $10.14 on each lot. That said principal and interest was not paid when due, and thereafter, on the 15th of September, said assessment and interest was certified by the city clerk to the county treasurer as delinquent, and placed by said county treasurer on the delinquent list of taxes and 18 per cent. penalty or interest added thereto, together with a charge of 10 cents per lot for listing and 10 cents per lot for advertising, making a total charge of $29.43 for each lot. That said lots were advertised as delinquent, and plaintiff in error declared his intention of selling the same for said assessment, interest, and penalties as required by law for the sale of property for delinquent taxes. That on the 2nd day of November, 1911, defendant in error tendered to said county treasurer the sum of $28.23 on each of said

lots, being the installments due on the 1st of September,
and 7 per cent. interest on the total assessment to No-
vember 1st, and the legal fees for listing and advertising,
which was refused, and plaintiff in error demanded the
sum of $29.43 on each lot, and defendant in error prayed
an injunction restraining the county treasurer from sell-
ing or offering for sale said lots for said taxes, and assess-
ments, interests, and costs.

A general demurrer was interposed to this petition,
which was overruled on the 7th day of May, 1912, and,
plaintiff in error declining to plead further, judgment
was entered in said suit enjoining the plaintiff in error
from enforcing against said lots any interest on the
assessment over and above 7 per cent.

The question here presented is whether or not the
special assessment for the improvements made by the city
of El Reno may lawfully bear interest as a penalty for
nonpayment at the rate of 18 per cent. per annum after
maturity, and whether a homestead may be charged with
a lien and sold to enforce the collection of said 18 per
cent.

The authority of the city to prescribe this penalty
is found in section 632, Rev. Laws 1910; and the validity
of this legislation has already been determined by this
court in *Shultz v. Ritterbusch,* 38 Okla. 478, 134 Pac. 961.
In the opinion by Mr. Justice Turner, at page 492 of 38
Okla., at page 966 of 134 Pac., it is said:

"It is sufficient to say that the provision is clear and
unambiguous, and means what it says. We can see noth-
ing in conflict with the Constitution in the provision, in
effect, that the assessments bear 1 per cent. greater in-
terest than the bonds before due and 8 per cent. greater
thereafter. It may be that the difference of 1 per cent.
between the bonds and assessment before due was in-
tended to cover the cost of printing the bonds and of
collection and remittance by the city, which, as to the

amount collected on the assessments, stands in the nature of a stakeholder, and which would otherwise have to be paid out of the general funds of the city. And it may be that, in addition to those costs, said 8 per cent. was intended to contribute to the expense incurred, where, as here, after assessments became due, the property owner resists payment by suit. But, be that as it may, we are of opinion that said items of increased interest are in the nature of a penalty intended to meet conditions brought about in part by the property owner himself, and in no sense can it be said the same is exacted without due process of law."

The same question was also incidentally considered in the case of. *Ritterbusch v. Havinghorst*, 29 Okla. 478, 118 Pac. 138, where it was said:

"The increased interest which the assessments are made to bear after maturity was provided no doubt, not only for the purpose of securing the prompt payment of the assessments, but also for the purpose of providing a fund with which to pay the increased rate of interest on the bonds maturing, which must occur when there is a delinquency in the payment of the assessment."

See, also, 1 Page & Jones on Tax. by Assmt. secs. 473—475; *Seaboard National Bank v. Woesten*, 176 Mo. 49, 75 S. W. 464; *Town of Tipton v. Norman*, 72 Mo. 380; *Eyerman v. Blaksley*, 78 Mo. 145.

By section 634, Rev. Laws 1910, said special assessments and each installment thereof, and interest thereon, are declared to be a lien against the lots assessed. Section 643 provides that, if not paid when due, said assessments shall be certified by the city clerk to the county treasurer, and by the county treasurer placed upon the delinquent tax list and collected as other delinquent taxes are collected, and paid to the city treasurer. This last section of the statute was construed and sustained in *Ritterbusch v. Havinghorst, supra.*

The remaining question is whether or not there is any distinction in the effect and operation of this lien between homesteads and other property situated within the improvement district. Section 7, art. 10, Const. (section 272, Williams Ann. Const. p. 136), provides:

"The legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, homesteads included, without regard to the cash valuation."

It will thus be seen that, in authorizing municipal corporations to levy and collect assessments for local improvements, homesteads are expressly included in the provision, and no distinction is made between this class of property and any other property, and we cannot see any good reason why a homestead would not be liable under this section the same as any other property; for unless all of the property within the improvement district is bound for the expenses of the improvement, constructed in the manner and proportion fixed by law, no such improvements could be made. This is manifest, for the reason that in towns and cities a very large part, if not most, of the occupied lots are occupied as homesteads, and if the homesteads in any town or city be eliminated from the list of property bound for these assessments, no district of any important extent could be formed in any city or town and public improvements of this character be constructed.

The general rule is that the fact that property assessed for the cost of a local improvement is a homestead does not defeat the assessment lien or prevent a sale in satisfaction thereof. 2 Elliott, Roads & Streets, sec. 673; 28 Cyc. sec. 1132; *Ahren v. Board of Imp. Dist. No. 3,* 69 Ark. 68, 61 S. W. 575; *Perine v. Forbush,* 97 Cal. 305, 32 Pac. 226; *Todd v. Atchison,* 9 Kan. App. 251, 59 Pac. 676; *Nevin v. Allen,* 26 S. W. 180, 15 Ky. Law Rep. 836.

The authority of the city of El Reno to make the improvements is not denied, and no complaint is made of the regularity of the proceedings; and the assessments having been legally levied, and default having been made in the payment of same, the town might lawfully provide that they bear interest by way of penalty for nonpayment at the rate of 18 per cent. per annum from maturity; and said property may lawfully be sold to enforce the payment thereof; and the action of the trial court in overruling the demurrer to the petition was error; and the case should be reversed and remanded with instructions to the district court of Canadian county to sustain the demurrer to the petition.

All the Justices concur, except BROWN, J., who dissents.