## SETTLE, County Treas., v. FRAKES et al.

No. 22043. Opinion Filed Feb. 16, 1932.

Rehearing Denied March 29, 1932.

54

Banks, O'Brien & McVey, Holtzendorff & Holtzendorff, and N. B. Johnson, Co. Atty., for plaintiff in error.

Robson & Moreland, H. P. Daugherty, and Leo G. Mann, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Rogers county in favor of the defendants in error the plaintiffs in that court, against the plaintiff in error, the defendant in that court. Hereinafter the parties will be referred to as plaintiffs and defendant.

The proper authorities of the town of Chelsea created a paving district in that town, the validity of which has been heretofore sustain. The real estate involved in this action is within that paving district. An assessment was made against the property comprising the district and bonds were issued and sold. The assessment was divided into ten installments and the first of these fell due September 1, 1921. One of the installments matured on September 1st of each year thereafter to and including the year 1930. In 1930 each tract or lot described in the plaintiffs' petition had delinquent installments of the assessment against it for one or more of the years from 1921 to 1930. On or about the 15th day of September, 1930, the city clerk certified to the county treasurer the unpaid installments of the assessment "for the years 1930 and prior years." This suit was instituted to enjoin the advertisement for sale and the sale of any of the property described in the petition for any of the delinquent installments except those for the year 1930. The trial court enjoined the sale for any of the installments except for the years 1927 and 1930.

The plaintiffs contend that a county treasurer has no authority of law to advertise and sell at an annual tax sale real estate for delinquent installments of special assessments for prior years, which had not been certified to the county treasurer and sold by him in the respective years in which they fell due and became delinquent. The determination of that question will determine the issues presented.

In support of their contention, the plaintiffs rely on that portion of section 4618, C. O. S. 1921, which provides that the county treasurer shall place the installment and interest certified to him "upon the next delinquent tax list prepared by the treasurer," and contend that, unless the same is placed upon the next delinquent tax list, it cannot be placed upon any subsequent tax list. No decision of any court to that effect is cited by them, and we know of none. The plaintiffs fail to consider or apply other provisions of the statute, among which is section 4607, C. O. S. 1921, to the effect that installments of assessment shall be due on the 1st day of September and shall be payable on the 1st day of September, and that in case payment of the installment and interest is not made, the same shall draw interest at the rate of 18 per cent. per annum from maturity until paid, and section 4609, C. O. S. 1921, providing that special assessments and each installment thereof and the interest thereon "are hereby declared to be a lien against the lots and tracts of land so assessed from the date of the ordinance levying the same, co-equal with the lien of other taxes." Section 4618, supra, applies to the method for the collection of the installments of assessment and the method provided is for collection by the county treasurer "as other delinquent taxes are collected." If the failure of the county treasurer to offer for sale and sell real estate for delinquent ad valorem taxation during any year releases the lien thereof and makes it impossible thereafter to legally sell land for delinquent ad valorem taxes, the contention of the plaintiffs in this case is correct; but if such is not the rule, then the contention of the plaintiffs is not correct, for by the terms of the statute, the collection of delinquent installments of paving assessments must be in the manner "other delinquent taxes are collected."

The plaintiffs cite the decision in Ritterbusch, Co. Treas., v. Havinghorst, City Treas., 29 Okla. 478, 118 P. 138. The issue there was whether the city treasurer was entitled to the eighteen per cent. penalty provided by the statute, and it was therein held that he was. We find nothing in that decision applicable to the facts in this

case. We find nothing in the decision in Mackenzie v. City of Anadarko, 72 Okla. 90, 178 P. 483, to support the contention of the plaintiffs, although it was therein stated:

"Whether the plaintiff in error can now compel the collection by the proper officers of the balance of the amounts lawfully due, or enforce the lien for the same against the property, or whether the officers, who failed in their duty to collect in full or certify the correct amount due on the delinquent installments to the county treasurer are liable on their bonds to the plaintiff in error, are questions not now before the court, and on which we therefore express no opinion."

Sections 9655, 9672, and 9715, C. O. S. 1921, and the decisions in Frazier v. Prince, 8 Okla. 253, 58 P. 751; Morrow v. Smith, 8 Okla. 267, 61 P. 366; Mattocks v. McLain Land & Inv. Co., 11 Okla. 433, 68 P. 501, and Cadman v. Smith, 15 Okla. 633, 85 P. 346, are cited. They relate to the failure to attach a warrant to the tax list directing the treasurer to collect the taxes. We find nothing therein with reference to whether or not such an error may be corrected during a subsequent tax year. We consider those cases as neither controlling nor persuasive. St. Louis-S. F. Ry. Co. v. City of Ada, 64 Okla. 279, 167 P. 621, has no application. Evans v. Norvell, 99 Okla. 248, 226 P. 573; Mannus-Dewall v. Smith, 139 Okla. 195, 281 P. 807, and Massey v. Tucker, 141 Okla. 193, 284 P. 648, relate to issues not presented by the record in this case, although they relate to sales of real estate and the record thereof. Therein an attempt was made to show by parol testimony the performance of official acts. Herein the record of the city clerk shows that the installments of the assessment were not paid, and it is herein admitted that the installments of the assessment have not been paid.

The plaintiffs contend that the penalties cannot attach to installments of an assessment until they are certified to the county treasurer. The statute is to the contrary. The penalty attaches on the 1st day of September (section 4607, C. O. S. 1921) and the installment is not required to be certified by the county treasurer until on or before the 15th day of September in each year. Section 4618, supra. There is nothing in Trimmer, Co. Treas., v. State ex rel. Rennie, 43 Okla. 152, 141 P. 784, to support the contention made.

The plaintiffs contend that injunctive relief may be had against the attempted sale of the property, notwithstanding the provisions of section 4619, C. O. S. 1921, which prohibit the maintenance of such a proceed-ing, and St. Louis-S. F. Ry. Co. v. City of Ada, supra, and City of Muskogee v. Nicholson, 69 Okla. 273, 171 P. 1102, are cited in support of that contention. Neither of the decisions relates to the issue presented by the facts in this case.

The plaintiffs contend that no tender of taxes or penalties is required for the reason that the proceedings sought to be enjoined are void. In support thereof Davenport v. Doyle, 57 Okla. 341, 157 P. 110; Perry v. Snyder, 75 Okla. 24, 181 P. 147; Callander v. Brickner, 97 Okla. 37, 222 P. 531, and Campbell v. McGrath, 117 Okla. 126, 245 P. 634, are cited. Those decisions relate to actions involving void tax deeds and they are not applicable herein. The prayer for an injunction against a tax resale was denied by this court in Wallace, Co. Treas., v. Gassaway, Judge, 148 Okla. 265, 298 P. 867, the controlling factor therein being the provisions of section 9971, C. O. S. 1921. To the same effect are Carpenter v. Shaw, State Auditor, 134 Okla. 29, 272 P. 393; Town of Burbank v. Sheel, 131 Okla. 292, 268 P. 1106; Bond, Co. Treas., v. Zweigel, 130 Okla. 1, 264 P. 893; Blake, Co. Treas., v. Metz, 136 Okla. 146, 276 P. 762; Blake Co. Treas., v. Metz, 136 Okla. 150, 276 P. 765; Duling, Co. Treas., v. First Nat. Bank of Weleetka, 71 Okla. 98, 175 P. 554, and Michie v. Haas, 134 Okla. 57, 272 P. 883. In Looney v. Leeper, Secy. of State, 145 Okla. 202, 292 P. 365, it was said:

"* * * That omission or failure on the part of an elected or appointed state officer to do his duty at an appointed time ought not and does not defeat the purpose of the people, evidenced by the action of their chosen representatives in the Legislature."

The property involved herein is subject to a lien for the paving assessments levied thereon. Section 4609, supra. The validity of the proceedings in the levying of those assessments has been sustained. The assessments have not been paid and the property has neither been offered for sale nor sold by the county treasurer. Therefore, the lien remains in force. The enforcement of that lien in the manner provided by the statute may not be enjoined, notwithstanding it has not been enforced by a sale of the property during prior years. Of course, the enforcement thereof must be in a legal manner, but the provisions of section 9971, supra, are applicable, and the remedy of the plaintiffs against the enforcement of the valid lien in an illegal manner is provided by section 9971, supra. The record shows no attempt to conform thereto, but an attempt to secure relief by injunction in conflict therewith. The action may not be maintained.

56

By reason of the applicability of section 9971, supra, and the admission that the assessments on the property have not been paid, we do not deem it necessary to comment on the manner in which the record of the assessments and the payments has been kept further than to say that it is the duty of the city clerk and the county treasurer to conform to the provisions of the statute defining their duties.

The trial court was in error in enjoining the enforcement of the lien on the property involved in this action. Its judgment is reversed and the cause is remanded to it, with directions to vacate the judgment and to render judgment in favor of the defendant denying the relief prayed for by the plaintiff.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. McNEILL, J., absent.