TOWN OF MEDFORD ex rel. FUSS v. EARLY et al., and three other cases.

Nos. 31158-31161.

Nov. 28, 1944.

*153 P. 2d 633.*

Hamilton &. Kane, of Pawhuska, and Coldiron & Coldiron, of Enid, for plaintiff in error.

Breeden & Breeden, John C. Drennan, Falkenberg, Curran & Falkenberg, M. E. Prout, County Atty., and Ellis W. Eddy, all of Medford, and H. H. McKeever, of Enid, for defendants in error.

Norman J. Futor, of Oklahoma City, amicus curiae.

WELCH, J. Under 11 O. S. 1941 § 107, this action is prosecuted in the name of the town of Medford by J. H. Fuss, holder of street improvement bonds issued by said town, to foreclose the lien of special improvement assessments against numerous lots in the town. The assessments involved being delinquent for more than twelve months and having been based upon the original assessing ordinance of 1927. The causes of action, defendants named, and defenses asserted are various and numerous.

Upon trial the plaintiff was given some partial relief, but in the main the judgment went against plaintiff. On appeal plaintiff presents numerous propositions and specifications of error for reversal. We will consider the several propositions urged, in each instance stating the facts necessary to determination of the issue.

The three companion cases are covered in briefs of both parties so as to present all law questions in this case, and they are all here decided.

We accept the suggestion of the brief that the appeal presents only questions of law and their determination will serve as a guide to the trial court in rendering proper judgment as to each cause of action and as to each defendant in each of the four cases without recitation here of burdensome fact detail.

The judgment of the trial court went against plaintiff as to some assessments purported to have been paid by bonds of the district, as provided by chapter 58, S. L. 1933. No authority to accept same in payment of these assessments existed. Davis v. McCasland, 182 Okla. 49, 75 P. 2d 1118.

But it is contended that the town treasurer did, in fact, receive such bonds in payment, and made the town's special assessment record to show the tax paid, and that thereafter such tax assessments were not certified to the county treasurer, and that at least one of the defendants had purchased the

property upon the assumption from such record that the tax was paid. On that point it is asserted that it was the duty of the bondholder to bring mandamus to compel the public officials to perform their several statutory duties in that respect. No authorities are cited which support that contention, and we have none before us.

We held in State ex rel. Tharel v. Board of County Com'rs of Creek County, 188 Okla. 184, 107 P. 2d 542, in a case where an attempt had been made to assert certain rights relating to tax payments, that no rights had been acquired under the unconstitutional statute. The rules therein announced are controlling on the question here.

Regarding the claim of innocent purchaser, we need only to note that the assessment records fully disclosed the method of attempted payment, and therefore constituted constructive notice.

The trial court erred in respect to that question, and its judgment in that regard is reversed.

Some of the defendants had paid certain delinquent assessments against their property without payment of the 12 per cent penalty, and they assert that such action amounts to full payment of the tax by virtue of certain statutes permitting the governing boards of municipalities to waive the penalty on special assessments. But a waiver of penalty by a municipal governing board under sections 1-3, ch. 127, S. L. 1933, or article 4, ch. 33, S. L. 1936-37, operates only as a waiver of the residual interest possessed by the municipality; so that such a waiver can become fully effective only at such time as the holders of all unpaid paving bonds in the paving district have chosen to give their consent in writing to such a waiver on some particular tract or tracts in the district; this for the reason that the bondholders have a vested contractual right in such penalty, of which they cannot be deprived without their consent.

It is urged that 11 O. S. 1941 § 103 does not provide that the "penalty" shall be a lien. The defendants point out that it provides only that "such special assessments . . . and the interest thereon" are declared to be a lien.

The interest provided after assessment, both before and after delinquency, are considered an integral part of a special fund to be raised by the assessments. Ritterbusch, Co. Treas., v. Havinghorst, City Treas., 29 Okla. 478, 118 P. 138, and Patterson, Co. Treas., v. Wallace, 47 Okla. 267, 147 P. 1034. Such interest or penalty, so far as concerns our question, is an incident to the levy proper or a part of the assessment. Allen, Co. Treas., v. Philpin, 191 Okla. 183, 127 P. 2d 839.

Defendants further say that such 12 per cent interest is a "penalty" and that the one-year general statute of limitation applies. Our conclusion hereinafter discussed at length as concerns the general statute of limitation is applicable to that suggestion.

The judgment of the trial court contrary to our conclusion with reference to the 12 per cent interest after delinquency is reversed.

The next question presented is whether the statute of limitation applies to an action brought by a bondholder under the statute, 11 O. S. 1941 § 107, to foreclose an assessment lien, and if so, which provision of the statute of limitation is controlling?

That question is settled in case City of Bristow v. Viola E. Groom et al., 194 Okla. 384, 151 P. 2d 936, and the rule there adhered to is controlling here.

Therefore without further discussion and following the rule above mentioned, we hold that the causes of action here presented accrue under 11 O. S. 1941 § 107 after there occurs a delinquency on the last installment and after such delinquency continues for twelve months; that the limitation provision of 12 O. S. 1941 § 95, subd. 2, is applicable; and that such action would be barred thereby upon the lapse of three years after the accrual of the causes of action.

In this case as in each of the three companion cases the action was commenced after delinquency, but within the three-year period after delinquency. Therefore in each case the trial court was in error in making any application of the statute of limitations. It follows that in that respect the judgment is reversed.

Some of the properties here involved had been sold at resale, and some had been sold and conveyed by county commissioners' deed after having acquired title at resale. Details of the holding of the trial court would serve no useful purpose here. It will suffice to say that generally the court failed to recognize the rules of several former opinions of this court.

The resale does not affect the levy and lien of special assessments delinquent at the time of such resale which are not included in the resale nor does such resale in any event affect the special assessments or installments thereof which fall due subsequent to the resale. McGrath v. Oklahoma City, 156 Okla. 34, 9 P. 2d 711; Settle v. Frakes, 156 Okla. 53, 9 P. 2d 768; Service Feed Co. v. City of Ardmore, 171 Okla. 155, 42 P. 2d 853, and Criswell, Co. Treas., v. Hart et al., 155 Okla. 159, 8 P. 2d 70.

As to the lots here involved referred to as the "Donald Reed property," we understand the facts to be that said lots were sold at the regular 1938 resale by the county treasurer for both ad valorem taxes and annual installment maturities of paving tax assessment for each of the years 1933 to 1937, inclusive. Under these facts that resale would extinguish the paving tax assessments for each of the said five years.

In the case at bar in those instances where recovery was allowed, the trial court refused to allow interest in excess of 10 per cent. This was upon the theory that the Constitution prohibited an interest rate in excess of 10 per cent. Therein the trial court erred. Patterson v. Wallace, supra, and Whitehead v. Mackey, Co. Treas., 62 Okla. 188, 163 P. 124.

The defendants urge that in such case as this the ordinance creating the assessment lien must be pleaded and proven. Here the plaintiff generally alleged the action taken by the town of Medford, and the plaintiff states in his brief that the defendants introduced evidence to show that the assessments had been made.

We are convinced that it was incumbent on plaintiff to allege and prove the proper making of the assessments, and since that could only be done by ordinance, the better practice would be to specifically allege the details of the adopting of the ordinance and to attach a copy thereof to plaintiff's petition. In the instant case, if there is lack of proof in the record on this point, the matter may be easily remedied by amendment to plaintiff's petition.

The briefs in this case also cover the three other companion cases. Each of the three companion cases likewise involves numerous parties and causes of action. The briefs do not, and probably could not, set out all the various situations so as to justify final rendition of judgment here. Indeed, the briefs do not seek such final detail determination here. It will be necessary for the trial court, as upon re-examination, to apply the rules of law herein determined to the established facts and render proper judgment as to each cause of action in each case.

For the errors above noted the judgment of the trial court appealed from is reversed, and the cause is remanded, with directions to proceed consistent with the views herein expressed.

The same opinion is adopted and the same decision is made in cause No. 31159 and No. 31160 and No. 31161, the three companion cases captioned above, and in each case a copy of this opinion is ordered filed as the opinion therein.

CORN, C.J., and RILEY, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and OSBORN, J., dissent as to limitation question.