HYNDS et al. v. CITY OF ADA ex rel. MITCHELL et al.

No. 31020. May 22, 1945.

*158 P. 2d 907.*

466

C. F. Green and H. F. Mathis, both of Ada, for plaintiffs in error.

Hobert G. Orton and Claude V. Thompson, both of Ada, for defendants in error.

PER CURIAM. On the 27th day of May, 1940, Lizzie Mitchell filed her petition under the provisions of 11 O.S. 1941 § 107 to enforce the special assessments of liens for street improvements represented by bond series No. 28 of the city of Ada. During the proceeding T. G. Fowler filed a cross-petition alleging that he was the owner and holder of bond No. 42 in the sum of $500. A trial to the court resulted in a judgment for the plaintiff in the sum of $20,267.16, together with interest thereon at the rate of 6 per cent per annum from the 27th day of May, 1940. Defendants appeal.

The first contention made by the defendants is that the action under 11 O.S. 1941 § 107 is barred by the statute of limitation. This contention is without substantial merit. In City of Bristow v. Groom, 194 Okla. 384, 151 P. 2d 936, this court held that the action accrues to the holder of the bonds under said section a year from the date the final assessment becomes delinquent. The final assessment became due in the case at bar September 1, 1938. The action was brought the 27th day of May, 1940, clearly within time under the holding of that case. See, also, Town of Medford v. Early, 194 Okla. 566, 153 P. 2d 633.

It is next argued that the court was without jurisdiction to render judgment for the reason that there was no allegation in the petition that the intangible property tax had been assessed and paid as provided by 68 O.S. 1941 § 1515. There was no allegation in the petition filed by Lizzie Mitchell of the payment of the property tax. During the proceedings at the trial, and without any objection on the part of any defendant, Lizzie Mitchell introduced the assessment sheets showing the assessment and payment of all intangible property taxes due on her specific bonds. The cross-petitioner, Fowler, introduced assessment sheets showing that his bond had been assessed for every year. He did not show that there was a payment of the last taxes due in 1940 although the assessment of the intangible property tax had been made therefor.

Although there was no allegation in the petition of the assessment and payment of the taxes in compliance with 68 O.S. 1941. § 1501 et seq., the introduction of evidence cured the defect

and the pleadings will be considered amended to conform to the proof. Riddle v. Brann, 191 Okla. 596, 131 P. 2d 999; Buckholts v. Wright, 186 Okla. 230, 97 P. 2d 44; Ward v. Coleman, 170 Okla. 201, 39 P. 2d 113; Lamb v. Ulrich, 94 Okla. 240, 221 P. 741; St. L.-S.F.R. Co. v. Simmons, 116 Okla. 126, 242 P. 151; Phelps v. Malone, 193 Okla. 239, 142 P. 2d 849. The failure of the cross-petitioner to make the payment for 1940, assuming that it had to be made prior to the filing of a petition by Fowler, cannot affect the right of the plaintiff to proceed to judgment in the name of Lizzie Mitchell, the original relator in the proceeding. Assuming the bonds are subject to taxation under the intangible tax law, there was no error in the rendition of the judgment in the case at bar for failure to comply with the terms and provisions of 68 O.S. 1941 § 1501, et seq.

Finally it is argued that the court was without jurisdiction to enter a judgment because no proper affidavit of nonmilitary service was filed in compliance with the Soldiers and Sailors' Relief Act of 1940, sec. 200, 50 U.S.C.A. Appendix, sec. 520 et seq. Apparently this court has not passed upon the procedure involved in the congressional enactment above referred to. Other courts, including the federal courts, have done so. In re Realty Associates Securities Corp., 53 F. Supp. 1015; Mims Bros. v. James, Inc., (Tex. Civ. App.) 174 S.W. 2d 276; McArthur v. Shaffer, 59 Cal. A. 724, 139 P. 2d 959; Briner v. Briner, 60 Cal. A. 2d 473, 140 P. 2d 995; B. & B. Sulphur Co., Ltd., v. Kelly, 61 Cal. A. 2d 3, 141 P. 2d 908; Arenstein v. Jencks (Tex. Civ. App.) 179 S.W. 2d 831. The act above referred to is for the exclusive benefit of service men therein included, and they alone can take advantage of it, and then only upon a showing that their interest has been prejudically affected. Mims Bros. v. James, Inc., supra; B. & B. Sulphur Co., Ltd., v. Kelley, supra; Arenstein v. Jencks, supra. A default judgment taken without the proper affidavit under said section is not void but merely voidable at the instance of a service man on proper showing of prejudice and injury. Mims Bros. v. James, Inc., supra.

The affidavit in the case at bar was made under the provisions of the paragraph relating to the disclosure by affidavit that the plaintiff (in the case at bar, the relator) was unable to state whether or not the defendants were in the military service. This is a substantial compliance with the law under the above cases. There is no showing that any defendant is in the military service within the purview of 50 U.S.C.A. Appendix, § 520 et seq. After an examination of the affidavit the court was authorized to enter the judgment in behalf of relator.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, and ARNOLD, JJ., concur. DAVISON, J., not participating.