CITY OF MUSKOGEE ex rel. SAVIDGE v. MANN et al.

No. 32802.    Oct. 14, 1947.

*185 P. 2d 441.*

L. W. Randolph, of Muskogee, for plaintiff in error.

George W. Leopold, J. Fred Brett, and Richard Martin, all of Muskogee, for defendants in error.

WELCH, J.    In March, 1939, an action was filed in the name of the city of Muskogee, Okla., ex rel. Caroline F. Savidge against S. P. Mann and others to foreclose liens of delinquent paving assessments against various lots and parcels of land in street improvement district No. 198-A of the city of Muskogee, but Kenneth D. Denton was not then sued, neither he nor his property was mentioned.

After various pleadings had been filed and proceedings had in the action,

which are not pertinent to this appeal, the plaintiff in July, 1946, filed a pleading styled "Second Amended Supplemental Petition," wherein it is stated that in the creation of the improvement district an assessment of $1,026 was levied upon certain described property located in the district now belonging to Kenneth D. Denton, which was payable in ten annual installments due in the years 1928 to 1937, inclusive, with interest and penalty.

It was stated that the installments of the assessment which were due and payable in the years 1928 to 1932, inclusive, were duly paid in money, and that the assessment record in the office of the city clerk was made to show and did show payment of the remaining installments. That such installments, payable in the years 1933 to 1937, inclusive, were not paid in lawful money, as indicated by the notation on the assessment record, but were, in fact, attempted to be paid by the surrender and cancellation of or endorsement upon Bond No. 28 of said street improvement series, the city clerk having accepted payment in such manner and issued a receipt therefor.

It is further alleged that such attempted or purported payment was illegal, ineffectual, and void; that there are outstanding and unpaid bonds of said series of lower numbers than the bond used in the illegal transaction; that the payment of this defendant's assessment in such manner was in derogation of the rights of the owners and holders of other unpaid bonds of the district.

The prayer of this amended and supplemental petition was that the receipt issued by the city clerk be canceled, the notations of payment of these installments be expunged from the assessment record, and the bond in question be restored and decreed to be a valid, outstanding obligation of the improvement district. Plaintiff also prayed for all other proper and appropriate relief.

Plaintiff's original petition does not mention Kenneth D. Denton nor the property described in this later pleading.

The defendant Denton filed motion to strike plaintiff's second amended supplemental petition. The motion was sustained and an order made striking the pleading from the files and record in the case. Plaintiff appeals.

Plaintiff contends that the court erred in holding that the matter presented by the second amended petition could not be litigated in the pending suit.

The relief sought by the amended petition is that the installment for the years 1933 to 1937 be declared unpaid and that the receipt of payment issued by the city clerk be canceled and that the notations of payment on the assessment record be expunged, and that Bond No. 28 be decreed valid and outstanding.

The suit was brought under the provisions of 11 O.S. 1941 §107, for the foreclosure of delinquent paving assessments. A determination of the matter presented in the amended petition can serve no purpose in the pending action except to establish the existence of plaintiff's lien as a basis for his foreclosure action against this defendant. It appears on the face of the amended petition that plaintiff's action to foreclose against the defendant was barred long before the amended petition was filed.

The amended petition which contained the first reference to defendant and defendant's property was filed in 1946, and recites that the last installment of the assessment on defendant's property became due in 1937.

In the case of City of Bristow v. Groom, 194 Okla. 384, 151 P. 2d 936, in the fifth paragraph of the syllabus this court said:

"An action to foreclose a special assessment lien under 11 O. S. 1941 §107 is an action on a 'liability created by

statute' and is barred after the expiration of three years from the accrual of the cause of action under 12 O. S. 1941 §95 (2), and such action accrues on the assessment where (1) there is a delinquency after the due date of the last installment, and (2) such delinquency continues for twelve months."

See, also, Lucas v. City, 194 Okla. 486, 153 P. 2d 230; Medford v. Early, 194 Okla. 566, 153 P. 2d 633; Hynds v. City of Ada, 195 Okla. 465, 158 P. 2d 907.

It being apparent that plaintiff's action to foreclose the assessment lien was barred, a determination that the installments for the years 1933 to 1937 were unpaid, and that bond No. 28 exists as a valid outstanding obligation of the improvement district, would be a mere declaratory judgment in that no executory process follows.' In other words, in this action such a determination does not involve any executory or coercive relief.

11 O.S. 1941 §107 provides the only remedy by which the bondholders may proceed directly against the property owners to enforce the lien of unpaid paving tax against the property. Otherwise, the collection of the assessments and the enforcement of the lien of the unpaid tax is the obligation of the city clerk and county treasurer. 11 O.S. 1941 §106.

A determination of the matter presented by the second amended petition could serve no other purpose than to provide a basis for other proceedings to enforce collection of the assessments.

Upon elimination of plaintiff's action as one for foreclosure, the matter presented by the second amended petition merely states an action founded upon the negation of a right—one asserting that defendant's claims of payment are unfounded, one seeking judgment declaring that the assessments are unpaid without award of execution or any process.

It is true that a determination of the matter presented by the second amended petition might be of value to plaintiff in another action based upon the failure of the city clerk and county treasurer to perform their duties in reference to unpaid assessments, and that such determination might have effect upon defendant should he choose to resist efforts made to collect assessments against his property by these officers, but such judgment in this action as between the parties hereto would not in itself have any operative effect.

In this action the right to foreclose being lost, it does not appear that such determination would perform any function. With elimination of the prayer for foreclosure, the judgment sought is of such character as to be of no benefit unless accompanied by an order for defendant to pay the installments for the years 1932 to 1937, or suffer execution upon his property, and under the statutes such order could not be made in this action.

In the absence of a statute authorizing declaratory judgments in such actions, it is doubtful if the court could, with authority, determine the matter presented in the amended petition, but aside from the question of whether or not jurisdiction exists to do so, the futility of the proceeding was sufficient basis for the court's refusal to entertain it.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY and LUTTRELL, JJ., concur.