## NORTH v. YOUNG et al.
### No. 34747.

Supreme Court of Oklahoma.
Dec. 23, 1952.

Rehearing Denied July 14, 1953.

Banker & Bonds, Muskogee, for plaintiff in error.

Melton, McElroy & Vaughn, Chickasha, for defendants in error.

HALLEY, Vice Chief Justice.

On April 10, 1950, judgment was rendered quieting title to the south fifty feet of Lot 4, Block 281, City of Chickasha, Oklahoma, in the defendants Frank B. Young and Victoria Young and against plaintiff. S. N. North, and S. N. North has appealed. The parties will be referred to as "plaintiff" and "defendants", as they appeared in the trial court.

The parties stipulated as to the facts at a pretrial conference as follows: The land was advertised for sale at resale for ad valorem taxes only, and sold to Frank B. and Victoria Young on May 25, 1946. No mention was made in notice of sale or resale of delinquent special paving assessments against the land. The resale deed to the Youngs was filed for record July 11, 1946.

On December 13, 1941, the holders of special paving assessment bonds obtained a judgment in the Federal District Court foreclosing such lien. Order of sale was issued on this judgment October 11, 1946, and at sale by the Marshal on December 16, 1946, S. N. North became the purchaser. He filed his deed for record on January 28, 1947.

On June 17, 1948, S. N. North commenced this action and made the Youngs parties defendant. They answered, alleging ownership of the land under the resale tax deed, and further alleging that any right or claim in the land that might be asserted by S. N. North was barred by the applicable statute of limitation, and that neither of the answering defendants was made a party in the United States District Court proceeding under which plaintiff asserts title. The Marshal's deed to the plaintiff provided that the sale was "subject to existing and unpaid ad valorem taxes and special assessments not foreclosed in said action." The deed otherwise purports to convey to plaintiff a fee-simple title.

The resale tax deed to defendants is regular in form, and is alleged and admitted by the plaintiff to be a valid deed.

Plaintiff presents only two propositions: (1) Which deed, resale or special assessment foreclosure, produced the superior title? (2) Are the plaintiff's rights barred by any statute of limitation? Plaintiff presents the following statement under the first question:

"The foreclosure first in point of time, whether for ad valorem taxes or for special assessments, unless made to the county by forced sale, extinguishes the lien so foreclosed and does. not affect the remaining lien. If and when the remaining lien be subsequently foreclosed, whether through summary or plenary processes, the purchaser takes title superior to the purchaser at the first foreclosure."

■ Plaintiff contends that there is no real distinction between a summary or statutory sale for taxes, whether ad valorem or special assessments, and a sale pursuant to a court decree of foreclosure. We agree that a sale by the County Treasurer, upon notice to the owner and others claiming some interest in the land, and a sale by court foreclosure, where the owner is served with summons, are both foreclosures of tax liens and accomplish the same result, and that in foreclosure by tax decree the owner is not deprived of title until sale is made and deed issued to the purchaser.

■ It is well established that foreclosure of a lien for ad valorem taxes does. not extinguish or affect an existing lien of a special assessment. In McGrath v. Oklahoma City, 156 Okl. 34, 9 P.2d 711, 716, it is said:

"If the sale is alone for delinquent ad valorem taxes, a lien for those taxes is discharged by the sale and a lien for paving purposes is not affected thereby."

Again, in Town of Medford ex rel. Fuss v. Early, 194 Okl. 566, 153 P.2d 633, 636, it was said:

"The resale does not affect the levy and lien of special assessments delinquent at the time of such resale which are not included in the resale nor does such resale in any event affect the special assessments or installments thereof which fall due subsequent to the resale." (Citing the McGrath case, supra, and other cases.)

However, it is the settled law of this State that a valid resale tax deed vests in the grantee a new and independent title. 68 O.S.1951 § 432f provides in part that a resale tax deed "* * * shall vest in the grantee an absolute and perfect title in fee simple to said lands * * *."

In Taylor v. Lawrence, 176 Okl. 75, 54 P.2d 634, 635, it was said in the second syllabus:

"The purchaser at a valid tax resale procures a title to the real estate from the government which is free and clear from any former right of any former owner of the real estate."

In Cook v. Hammett, 192 Okl. 298, 135 P.2d 962, 964, it was said:

"We have frequently held that a resale tax deed by the County Treasurer to the county creates a new or virgin title. (Citing Taylor v. Lawrence, supra.) No evidence, aside from the deed from the county to the plaintiff, and the recitals therein, was necessary in order to make a prima facie case showing plaintiff's title and right of possession. There was no error in overruling the demurrer to plaintiff's evidence."

In Huddleston v. Vahlberg, 187 Okl. 541, 104 P.2d 434, 437, it was said:

"The effect of a valid tax sale under sec. 7 of the Statute is to vest in the purchaser an 'absolute and perfect title in fee simple' and to extinguish both the title of the former owner and the lien of the State."

In Hefner v. Northwestern Mutual Life Ins. Co., 123 U.S. 747, 8 S.Ct. 337, 31 L. Ed. 309, it was said:

"If the tax deed is valid, it clothes the purchaser, from the time of its delivery, not only with the title of the person assessed for the taxes but with a new and complete title in the land, under an independent grant from the sovereign authority, which bars or extinguishes all prior titles and incumbrances of private persons, and all equities arising out of them."

The defendants took title from a new and independent source, and they could not be charged with notice of plaintiff's Federal Court action without being made parties thereto, nor could they be deprived of their virgin title merely by a later deed, resulting from a court foreclosure of a special assessment lien, without being made parties to such action. Plaintiff apparently has made no effort to foreclose his special assessment lien against these defendants. Defendants acquired their title by resale tax deed dated May 25, 1946, which was filed for record July 11, 1946. Thereafter the plaintiff had order of sale issued on his foreclosure judgment on October 11, 1946; but his deed from the Marshal was not executed until January 17, 1947. The present action to quiet title was commenced June 17, 1948.

Plaintiff asserts that he is not bound by Sec. 432f, Title 68, O.S.1951, known as the 1939 Resale Law and being an exact reenactment of the 1929 Act, which provides that twelve months after a resale deed is filed for record, "* * * no action shall be commenced to avoid or set aside said deed * * *."

Plaintiff alleges in his petition that he is the owner in fee simple of the land involved; that the defendants claim some right, title or interest therein, but that their claims are void as against plaintiff's title, and constitute clouds thereon; that on May 25, 1946, the land here involved was duly and regularly sold by the County Treasurer to the defendants and a "valid and statutory resale tax deed" issued, which was duly filed for record. The prayer in plaintiff's petition is as follows:

"Wherefore, plaintiff prays a judgment of this court quieting his title to all of said real estate against the defendants and all persons claiming by, through, or under them or any of them, and cancelling all their claims and demands against said real estate as clouds upon plaintiff's title thereto."

In view of the foregoing facts and allegations, we find no merit in plaintiff's contention that he is not seeking to avoid the resale tax deed of the defendants.

The judgment of the trial court is affirmed.

ARNOLD, C. J., and CORN, JOHNSON and BINGAMAN, JJ., concur.

O'NEAL, J., concurs in result.

WELCH, GIBSON and DAVISON, JJ., dissent.