## C. S. KING v. MONITOR DRILL COMPANY.

Decided March 12, 1906.

**1.—Foreign Corporation—Permit—Pleading.**

Where there is nothing in the petition filed by a foreign corporation from which it can be inferred that it is engaged in business in this State, or that the transaction out of which the cause of action arose took place here, it is unnecessary for such petition to show that the plaintiff has a permit to do business in this State. Articles 745 and 746, Revised Statutes, construed.

**2.—Judgment—Pleading—Evidence.**

The original petition alleged tnat the note sued on was executed by a partnership composed of K. and G., and sought recovery thereon against the firm. When the case was called for trial plaintiff dismissed as to G. and took leave to amend its petition by interlining an allegation that the note was executed by defendant K. This interlineation was not in fact made until several days after judgment was rendered. No proof was offered except the note. Judgment was rendered against K. alone. Held, the judgment was not warranted by the pleading or the evidence.

Error from the District Court of Jefferson County. Tried below before Hon. A. T. Watts.

*G. P. Dougherty,* for plaintiff in error.—A petition filed by a foreign corporation in a court of this State upon a cause of action against a resident of the State which does not allege that it had a permit to do business in the State at the time the contract was made and fails to allege any fact that would prevent the operation of the State statute affecting foreign corporations is bad on general demurrer and does not lay the foundation for a judgment and a judgment rendered upon such a pleading can not stand, although it was not challenged by demurrer in the lower court. Taber v. Interstate B. & L. Assn., 91 Texas, 94; Peters v. Anheuser-Busch Brewing Assn., 55 S. W. Rep., 516; Southern B. & L. Assn. v. Skinner, 42 S. W. Rep., 320; Alamo Fire Ins. Co. v. Davis, 45 S. W. Rep., 604.

When a suit is founded upon a promissory note in writing or other written instrument charged to have been executed by the defendant or by his authority, proof of the execution of such an instrument is not necessary, unless the execution of such an instrument is denied under oath, but where the execution of the instrument declared on is denied under oath, the common law rule prevails and the execution of the instrument must be proven as at common law. Brashear v. Martin, 25 Texas, 202; Houston & T. C. Ry. Co. v. Chandler, 51 Texas, 416; City of Tyler v. Adams, 62 S. W. Rep., 119.

A partnership is not a legal entity and must sue and be sued by its members and where a suit is instituted against a partnership on a promissory note alleged to have been executed by the partnership and a judgment against the partnership is prayed for, a dismissal of the suit as to one of the partners operates as a dismissal of the suit as to the partnership; and a judgment rendered against one of the alleged partners individually for the amount of such note in unauthorized and such a judgment is without pleading to support it. Frank v. Tatum, 87 Texas, 204; Adkins v. Arthur, Stone & Co., 33 Texas, 431; Storm

v. Roberts & Warren, 7 N. W. Rep., 124; Weinreich v. Johnson, 78 California, 254.

Article 1188 of the Revised Civil Statutes provides that: "All amendments of pleadings, pleas and pleas of intervention must, when court is in session, be filed under leave of the court, upon such terms as the·court may prescribe, before the parties announce ready for trial, and not thereafter;" and for the court to permit a pleading to be amended so as to set up a new cause of action after a judgment has been actually rendered in a case is reversible error.

*Molette & Wilkerson,* defendant in error.—A petition filed by a foreign corporation in a court of this State upon a cause of action against a resident of this State that shows that it is not doing business in this State does not have to allege that it has complied with articles 745-746 of Revised Statutes, page 93, and the failing to so allege is not bad on general demurrer, as the law only applies to corporations who are maintaining an office or doing business in this State. Miller & Co. v. Goodman, 91 Texas, 41; Pasteur Vaccine Co. v. Burkey, 22 Texas Civ. App., 233 to 254; Gale Mfg. Co. v. Finkelstein, 22 Texas Civ. App., 242.

The court did not err in rendering judgment against the defendant C. S. King, because the amended petition did not allege a cause of action against the partnership, but against the defendant C. S. King individually, and there was no denial of the execution of the note charged to have been executed and delivered by the defendant C. S. King. Avery v. Popper, 34 S. W. Rep., 325.

The plaintiff dismissed as to the defendant R. E. Gordon, which operated as a dismissal of the partnership and the amended petition of the plaintiff directly charged defendant C. S. King with the execution and delivery of the promissory note and it was not error to render judgment against plaintiff in error. Glasscock v. Price, 47 S. W. Rep., 965; Frank v. Tatum, 87 Texas, 204.

Article 1188 of the Revised Statutes, page 95, provides for the manner in which pleadings may be amended, and it is within the discretion of the court to allow an amendment upon the trial of a case, and when the manner of amendment prescribed by the court has been followed, it is not error to overrule a motion for a new trial, and in refusing to set aside the judgment rendered. Texas & N. O. Ry. Co. v. Goldburg, 68 Texas, 685; Radam v. Capital Microbe Destroyer, 81 Texas, 122; Massie v. Meeks, 28 S. W. Rep., 44.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by defendant in error to recover upon a promissory note for the sum of $1,399.65 which purports to have been executed by C. S. King & Co. The original petition alleged that the note was executed and delivered by C. S. King & Co., a partnership composed of C. S. King and R. E. Gordon.

To this petition·the defendant King filed an answer consisting of general and special exceptions, and general denial, and special pleas denying, under oath, the·alleged partnership and the execution by it of the note.

The defendant Gordon answered by general demurrer and general denial.

The trial of the cause resulted in a judgment in favor of plaintiff against the defendant King for the amount of the note with interest and attorney's fees.

The judgment in full, as entered upon the minutes of the court, is as follows:

"On this, the 9th day of June, 1904, came on to be heard the above styled cause upon the day set for its trial and came the plaintiff by its attorneys, Molette & Wilkerson, and the defendant, R. E. Gordon, by his attorneys, Greer & Minor, but the defendant, C. S. King, though having filed an answer, came not. After hearing the argument of counsel, it is considered, adjudged and decreed by the court that the general and special exceptions of the defendant C. S. King be and the same are hereby overruled. It is considered that the plaintiff be allowed to amend its original petition by interlining. It being made to appear by counsel for the plaintiff that there is on file an answer under oath, denying the existence of a partnership composed of C. S. King and R. E. Gordon, and the said R. E. Gordon being present in court by his attorneys, Greer & Minor, and denying that he is or was a member of the firm of C. S. King & Co., therefore, upon motion of the plaintiff it is considered, adjudged and decreed that as the said R. E. Gordon is also made to appear by the record as a nonresident of the State of Texas against whom a personal judgment can not be obtained, that the plaintiff be and is hereby allowed to discontinue its case against the said R. E. Gordon, and he is hereby ordered to go hence without his costs.

"It further appearing to the court that the cause of action is founded upon a promissory note alleged to have been executed and delivered by the defendant C. S. King to the plaintiff on June 1, 1903, due and payable with ten percent attorney's fees and eight percent interest after maturity on January 1, 1904, the court, after hearing the evidence, is of the opinion that the plaintiff ought to recover of the defendant C. S. King his damages in the premises.

"It is therefore considered, adjudged and decreed by the court that the plaintiff Monitor Drill Company do have and recover of the defendant C. S. King the sum of fifteen hundred and ninety-three and 90/100 dollars with eight percent interest from this date, together with its costs, for which let execution issue."

It was shown by the testimony of counsel for plaintiff, on the hearing of the motion for a new trial filed by the defendant King, that said defendant was not present in person and was not represented by attorney on the trial of the case, and that at the time the judgment was rendered there had been no amendment of the original petition. On the day the judgment was entered, which was several days after its rendition, plaintiff's attorney amended the petition by interlining an allegation charging that the note was executed by the defendant King. It was further shown that there was no evidence offered on the trial showing the execution of the note by the alleged partnership, or either of the individual defendants.

The first assignment of error is as follows:

"The court erred in rendering judgment for plaintiff in this cause,

for the reason that it appears from plaintiff's petition that it is a foreign corporation, being incorporated and existing under the laws of the State of Minnesota, and it was not pleaded and proven that plaintiff had a permit authorizing it to do business in Texas at the time the contract was made upon which the suit was brought; and for the further reason that it was not alleged and proven that the note upon which this suit was brought arose out of an interstate transaction; and for the further reason that there is no allegation and proof that plaintiff was authorized to maintain its suit in the courts of the State of Texas."

While the petition alleges that the plaintiff is a corporation organized under the laws of the State of Minnesota, and does not allege that it has a permit to do business in this State, nor that the transaction, out of which the cause of action arose, was one protected by the interstate commerce clause of the Federal Constitution, there is no allegation from which it can be inferred that plaintiff was doing business, or that the transaction out of which the cause of action arose took place in this State. It is not even alleged where the note sued on was executed.

We think it clear that article 746 of the Revised Statutes only applies to foreign corporations that are doing business in this State, and when, as in this case, there is nothing in the petition filed by a foreign corporation from which it can be inferred that it is engaged in business in this State, or that the transaction out of which the cause of action arose took place here, it is unnecessary for such petition to show that the plaintiff has a permit to do business in this State.

Article 745 requires foreign corporations that are desirous of transacting or soliciting business, or establishing a general or special office in this State, to obtain a permit from the Secretary of State to do business in this State, and the inhibition contained in article 746 applies only to corporations that have disregarded the provisions of article 745, and unless a foreign corporation is transacting or soliciting business in this State, or has an office here, it is not required under these articles to have a permit to do business to enable it to sue in our courts. (Miller v. Goodman, 91 Texas, 41.)

The remaining assignments assail the judgment on the ground substantially that there was neither pleading nor evidence to support it. We think these assignments should be sustained. At the time the judgment was rendered there was no pleading in the case charging appellant with the execution of the note in his individual capacity. The original petition alleged that it was executed by the partnership composed of appellant and Gordon, and sought recovery thereon against the firm. A partnership can only be brought into court by suit against its members, and when plaintiff dismissed its suit against Gordon it thereby abandoned its cause of action against the partnership. While it is only necessary for one member of a firm to be served with citation to bring the firm into court, the suit must be against all of the members. (Frank v. Tatum, 87 Texas, 204.)

When the suit against the partnership was dismissed appellant was left to answer individually to plaintiff's demand, and if, under the pleadings as they then stood, plaintiff had introduced proof to establish appellant's liability on the cause of action set up by the petition, the

latter would have no cause for complaint. The undisputed evidence shows that no proof was offered except the note which purports to have been executed by the firm and is alleged to have been so executed in the petition. We think it clear that this evidence was insufficient to support a judgment finding that the note was executed by appellant. He had not been charged with the execution of the note individually, and therefore it was necessary for the plaintiff to show either its execution by him, or other facts which would render him liable thereon to entitle it to judgment against him. The allegation made in the petition after the rendition of the judgment can be given no effect. Appellant had no opportunity to answer the allegation charging him with the execution of the note, and the amendment interlined in the petition after the judgment can not be looked to for the purpose of supplying deficiencies in the evidence under the pleadings as they stood at the time the judgment was rendered.

We are of the opinion that the judgment of the court below should be reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*