FELDMAN v. SEAY et al.   (No. 7699.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1927.)

1. **Appeal and error** ⊚⇒907(3)—**Where there is no statement of facts, findings of fact of trial court must be conclusions of fact of appellate court.**

Where there was no statement of facts, findings of fact of trial court had to be conclusions of fact of Court of Civil Appeals.

2. **Joint-stock companies and business trusts** ⊚⇒15(1)—**Acceptance of shares in business trust as part payment for debt created prior to acceptance of shares did not lift liability of members for balance of debt because of provision in declaration of trust that partners were not personally liable.**

By accepting shares in business trust in part payment for goods delivered, creditor was not bound to accept provision of declaration of trust that partners were not personally liable, where debt was created prior to acceptance of shares.

3. **Joint-stock companies and business trusts** ⊚⇒10—**Execution of agreement to accept shares in business trust as part payment for goods did not make seller partner in association until shares were delivered.**

Execution of contract whereby seller agreed to accept shares in business trust as part payment on goods delivered did not make seller partner in association, but that relation arose when shares were delivered.

4. **Partnership** ⊚⇒63, 200—**Partnership is not a person or legal entity, and can be sued only through persons constituting partnership.**

Partnership is not a person or legal entity, and can be sued only through persons constituting partnership.

5. **Joint-stock companies and business trusts** ⊚⇒19—**Partnership** ⊚⇒200—**In suing partnership or business trust all members of partnership must be joined.**

Since it is only through persons constituting partnership that suit can be brought into

court, all members of partnership or business trust must be joined in suing partnership.

**6. Partnership ⬤204—Service on one partner will bring partnership into court.**

Although all partners must be named, service on one partner will bring partnership into court.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by August F. Seay and another, doing business under the firm name of the San Antonio Wrecking & Salvage Company, against H. C. Feldman, the Blumberg Motor Manufacturing Company, and others. Judgment was rendered for plaintiffs against the defendants named, and for H. C. Feldman against the Blumberg Motor Manufacturing Company, and in favor of the other defendants, and the first-named defendant appeals. Reversed and remanded.

Arnold & Cozby, of San Antonio, for appellant.

G. Woodson Morris and H. B. Dielman, both of San Antonio, for appellees.

FLY, C. J. Appellees August F. Seay and J. M. Seay, doing business under the firm name of San Antonio Wrecking & Salvage Company, instituted this suit against the Lone Star Motor & Tractor Association, alleged to be a partnership composed in part of H. C. Feldman, J. C. Oswald, Leo M. G. Dielmann, and A. D. Fischer, to recover a debt of $1,-112.69, alleged to be due as a balance on bricks delivered to them by appellees. An amended petition was filed in which the Blumberg Motor Manufacturing Company, a private corporation, was made a party, and the debt was stated to be $1,093.08. The court heard the cause without a jury and rendered judgment for appellees against H. C. Feldman and the Blumberg Motor Manufacturing Company, jointly and severally, for the sum of $1,296,92. Feldman was given judgment against the Blumberg Motor Manufacturing Company for any amount he might be compelled to pay on the judgment in favor of appellees. Judgment was rendered in favor of Dielmann and the partnership herein named, and Oswald and Fischer were dismissed from the suit. Feldman alone perfected an appeal.

[1] There is no statement of facts, and necessarily the findings of fact of the trial judge must be the conclusions of fact of this court. A condensation of the findings of fact show that the Lone Star Motor Trust & Tractor Association was what is known as a "common-law trust," in reality a partnership which sought to limit the liability of its members. H. C. Feldman, J. C. Oswald, A. D. Fischer, and others not disclosed owned shares in the association on and prior to May 8, 1920. Deil-

mann did not become a shareholder until June 25, 1920. It becomes unnecessary to set out the different provisions of the declaration of trust, or articles of partnership which are fully set out in the findings of fact. On May 8, 1920, appellees were partners doing business under the firm name of San Antonio Wrecking & Salvage Company, which was engaged in buying and selling brick and other commodities, and on that date entered into a written contract with Robert Rand, trustee for the Lone Star Motor Truck & Tractor Company, to deliver to the latter 500,000 brick out of the Calaveras brick plant, which was being dismantled, on cars at Calaveras, for which the association was to pay $15 a thousand and freight and drayage to San Antonio. It was agreed by the Wrecking & Salvage Company that they would accept stock in the association to the amount of $2,500 as part payment for the brick, balance to be in cash. Appellees knew nothing about the declaration of trust or the attempt to prevent the liability of the individual members of the partnership. On June 7, 1920, the Motor Truck & Tractor Association issued and delivered to appellees 83 shares of stock in the association at $30 a share, amounting to $2,490, which was credited on the price of the bricks. Appellees, under the contract, delivered to the association bricks of the value of $5,099.11, and in shares and cash received on that sum $4,006.03, leaving a balance due appellees of $1,093.08, which has not been paid. Credit was not extended to the association by appellees on the financial responsibility of Feldman, who knew nothing of the contract, and appellees were ignorant of the fact that he had any connection with the Association when the contract was made, and long thereafter Feldman became a member of the association, in December, 1919, about six months before the contract for the bricks was made. The assets of the Lone Star Motor Truck & Tractor Association were purchased by the Blumberg Motor Manufacturing Company after the contract had been made with appellees and after they had performed their part of it, and said company assumed payment of all debts and liabilities of the association. Appellees voluntarily dismissed the suit as to Oswald and Fischer.

The first, second, third, and fourth propositions are to the effect that when appellees accepted shares in the association in part payment for the bricks, they were bound by the declaration of trust and by its terms were bound to accept the provision that the partners were not personally liable for the debts of the association, and therefore could not hold Feldman liable for the debt due on the bricks.

[2, 3] We overrule the propositions, for it would be unreasonable to hold that an accep-

tance of the shares as a part payment on the bricks would lift the liability of the partners for the balance of the debt. No such condition of affairs was intended or anticipated by any one, and the acceptance of the shares did not affect the liability of the partners in the association. Appellees may have been precluded from holding the partners liable for other debts that might have been created, but not as to a debt created before the shares were accepted as a payment on the debt. The acceptance of the shares as a payment on the bricks was coincident with the formation of the debt, and such acceptance did not amount to a release of the partners from their legal liability. Execution of the contract did not make appellees partners in the association, but that relation arose afterward when the shares were delivered, and that delivery did not affect the debt for the bricks, except as being a payment thereon. Under the facts, appellees stood in the same position in regard to the association at the time they made the contract as any other creditor not connected with the association. At the time that he agreed to accept the shares he knew nothing about the declaration of trust or articles of partnership, and, as the shares had already passed into his possession, he could not be charged with knowledge of the provisions of the declaration.

The pleadings show upon their face that all of the partners composing the partnership are not named in the petition, the amended petition naming Feldman as a partner, Oswald and Fischer being only named to dismiss them from the suit because not cited.

[4-6] Under the decisions in Texas, a partnership is not a person, a legal entity, like a corporation or joint-stock company, and can only be sued through the persons constituting the partnership. It necessarily follows that in suing a partnership all the members of the partnership must be joined, for it is only through the persons constituting a partnership that it can be brought into court. All the partners must be named, although service on one partner will bring the partnership into court. Burnett v. Sullivan, 58 Tex. 535; Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; Glasscock v. Price, 92 Tex. 273, 47 S. W. 965; Baptist Book Concern v. Carswell (Tex. Civ. App.) 46 S. W. 858; American Express Co. v. North Ft. Worth Undertaking Co. (Tex. Civ. App.) 179 S. W. 908; Lumber Co. v. Maer (Tex. Civ. App.) 235 S. W. 990; Lawn Production Co. v. Bailey (Tex. Civ. App.) 244 S. W. 283; Texas Land & Cattle Co. v. Molina (Tex. Civ. App.) 258 S. W. 216. The petition does not purport to name all the partners, but, on the other hand, shows that there were other partners not named.

It affirmatively appearing that all necessary parties had not been named in the petition, the judgment will be reversed and the cause remanded.