## GENERAL MOTORS ACCEPTANCE CORPORATION v. McCRACKEN.

### No. 2659.

Court of Civil Appeals of Texas. El Paso.
April 7, 1932.

Jones, Goldstein, Hardie & Grambling, of El Paso, and W. R. Smith, Jr., of Odessa, for appellant.

Dunaway & Tate, of Midland, for appellee.

PELPHREY, C. J.

The statement of the nature and result of the suit presented in appellant's brief will, in the absence of briefs for appellee, be here substantially adopted.

"Appellant, General Motors Acceptance Corporation plaintiff below, filed this suit in the El Paso County Court at Law. Plea of privilege was filed by the defendant, and the case thereafter transferred to the County Court of Ector County, Texas.

"Plaintiff's original petition alleges that plaintiff, General Motors Acceptance Corporation, is a corporation incorporated under the

laws of the State of New York, and doing business in Texas under a permit duly and legally issued by the Secretary of State, and for cause of action states: That on or about December 5, A. D. 1930, M. L. McGrath sold to the defendant one Tappan range, one Delco gas generator and one Delco gas storage tank, and executed a written conditional sales contract in payment of a deferred balance of $317.50; that under the terms of such written contract defendant promised to pay to M. L. McGrath, or order, the sum of $317.50, in monthly payments, with interest on past due installments at ten per cent. per annum, and containing a clause for acceleration of maturity in event of default. That the contract was transferred and endorsed for a valuable consideration by M. L. McGrath to plaintiff. That defendant failed and refused to make the payment due February 5, 1931, and has failed and refused to make any payments thereafter. That plaintiff has exercised its option and declared the entire contract due, being $290.50 principal, $7.93 interest, and $44.76 attorney's fees, a total of $343.17. That the personal property is located in Ector County, Texas, in possession of defendant, and is of the reasonable value and actual market value of $325.00, and that the above mentioned contract has the effect of a chattel mortgage under the laws of the State of Texas. Plaintiff prayed for judgment on the contract and for foreclosure of the chattel mortgage lien and for general relief.

"Appellee, Ella McCracken, defendant below, filed a general demurrer and general denial, and thereafter filed an amended answer containing a general demurrer, general denial and plea that M. L. McGrath was the agent, servant and employee of the plaintiff, and special denial that plaintiff was an innocent purchaser of the contract, and then pleaded allegations constituting a breach of warranty and concluded with a cross action for $92.00, the same being the cash payment made on the property."

"Appellant, plaintiff below, then filed its first supplemental petition containing general demurrer, special exception to the plea of agency and general denial, followed by pleading to the effect that the instrument sued upon was a negotiable instrument, and that plaintiff was the holder in due course thereof. This pleading also contained a special denial of the agency, and set out a confession of judgment clause in the contract, with a plea of estoppel."

A jury having been waived, appellant offered in evidence the original contract involved in the suit. Appellee then moved to dismiss appellant's suit for failure to prove appellant's permit to do business in Texas.

The trial court, thereupon, refused to permit the introduction of further evidence, until proof was made of the permit to do business in Texas. Appellant refusing to introduce proof of such permit, the court sustained the motion of appellee and dismissed the cause without prejudice to the rights of either party and adjudged the costs against appellant.

### Opinion.

The only question presented for our consideration here is the correctness of the court's action in dismissing the cause.

The errors complained of by appellant are presented in its brief in two propositions, viz.:

"1. When plaintiff, a foreign corporation, does not show by its pleading that business out of which the suit arose was transacted in Texas, non-compliance with the Statute requiring permit for a foreign corporation is a defense to be pleaded by defendant, and if not pleaded is waived.

"2. The pleadings in this case do not show that plaintiff was engaged in business in the State of Texas. Consequently the allegation that plaintiff was a foreign corporation doing business under a permit was surplusage, and unless the issue was properly raised by defendant through plea in bar or abatement, such defense was waived, and the court erred in dismissing plaintiff's suit."

Article 1529, Revised Statutes, reads: "Any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other State, or of any territory of the United States, or of any municipality of such State or territory, or of any foreign government, sovereignty or municipality, desiring to transact or solicit business in Texas, or to establish a general or special office in this State, shall file with the Secretary of State a duly certified copy of its articles of incorporation; and thereupon such official shall issue to such corporation a permit to transact business in this State for a period of ten years from the date of so filing such articles of incorporation. * * *"

Article 1536, as amended by Acts 42d Leg. (1931) c. 158, § 1 (Vernon's Ann. Civ. St. art. 1536), reads: "No such corporation can maintain any suit or action, either legal or equitable, in any court of this State upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this chapter. * * *"

The petition of appellant here shows that it is a corporation duly incorporated under the laws of the state of New York; that it is doing business in Texas under a permit duly and legally issued by the secretary of state; that it has an office in El Paso county, Tex.; and that appellant, by virtue of the provisions of the contract between McGrath and appellee, has designated its office in El Paso as the

place for the payments to be made. Under such allegations, we think, it became necessary for appellant to prove the existence of a permit to do business in Texas, before it would be entitled to recover in this suit. Chapman v. Hallwood Cash Register Co., 32 Tex. Civ. App. 76, 73 S. W. 969, 970; King v. Monitor Drill Co., 42 Tex. Civ. App. 288, 92 S. W. 1046, 1047; Rexall Drug Co. v. Butler Bros. (Tex. Civ. App.) 185 S. W. 989; First State Bank of Bangs v. Jannellen Oil Co. (Tex. Civ. App.) 275 S. W. 210.

In the first case the Court of Civil Appeals set aside a default judgment in favor of the corporation because its petition failed to contain an allegation that it had secured a permit after alleging that it was a foreign corporation, had an office in Texas, and that all sums of money to be paid by defendant were to become due and payable at Dallas, Dallas county, Tex. The court said: "We conclude that the petition did not entitle plaintiff to recover, and the action of the court in rendering judgment thereon in favor of plaintiff was fundamental error."

In the second case, while the court held that the corporation, under the facts of that case, was not required to have a permit, this language was used: "We think it clear that article 746 of the Revised Statutes of 1895 only applies to foreign corporations that are doing business in this state, and when, as in this case, there is nothing in the petition filed by a foreign corporation from which it can be inferred that it is engaged in business in this state, or that the transaction out of which the cause of action arose took place here, it is unnecessary for such petition to show that the plaintiff has a permit to do business in this state. Article 745 requires foreign corporations that are desirous of transacting or soliciting business or establishing a general or special office in this state to obtain a permit from the Secretary of State to do business in this state, and the inhibition contained in article 746 applies only to corporations that have disregarded the provisions of article 745; and unless a foreign corporation is transacting or soliciting business in this state, or has an office here, it is not required under these articles to have a permit to do business to enable it to sue in our courts."

While the court did not specifically hold that a foreign corporation having an office in the state could not sue without having a permit, it not being necessary to decide that question in the case before the court, yet that such was the law in that court's opinion follows from the language used.

In the case of Rexall Drug Co. v. Butler Bros., the allegations of the petition were: "That the plaintiff is a corporation duly incorporated under the laws of the state of Illinois, and having a permit to do business in the state of Texas, with its principal office in Texas at Dallas, Dallas county, Texas, and that the defendants are both resident citizens of Wichita county, Texas, doing business as the Rexall Drug Company."

The Fort Worth Court of Civil Appeals held that the failure of the evidence to show that plaintiff had a permit constituted fundamental·error and required a reversal of the judgment. In First State Bank of Bangs v. Jannellen Oil Company, the corporation pleaded: "That plaintiff is a corporation organized and existing under and by virtue of the laws of the state of Delaware, with a permit to do business in the state of Texas."

Counsel for the corporation orally confessed error in that the proof failed to establish the securing of a permit and the cause was reversed and remanded on that ground alone.

The cases cited by appellant do not, in our opinion, support the propositions advanced.

In the case of Oklahoma Tool & Supply Co. v. Daniels, 290 S. W. 727, the Commission of Appeals stated the nature of the suit thus: "The action was by plaintiff in error against defendants in error upon a promissory note executed by the defendants, in which the plaintiff pleaded that it was a corporation organized and doing business under the laws of the state of Oklahoma, and that it had been granted a permit authorizing it to transact business in the state of Texas."

The pleading in that case did not, as does the one here, contain any allegations as to the doing business in Texas by the corporation or as to the establishment of an office in the state.

In Barcus v. J. I. Case Threshing Mach. Co. (Tex. Civ. App.) 197 S. W. 478, the corporation merely alleged that it was a foreign corporation having a permit to do business in Texas and nothing appeared in the petition as to the doing of business in Texas or as to the establishment of an office here.

In Texas Packing Co. v. St. Louis Southwestern Railway Company of Texas (Tex. Com. App.) 227 S. W. 1095, the remaining case cited by appellant, the court merely held that the pleas in abatement were filed too late and were considered waived.

Appellant, having pleaded that it was doing business in Texas and had an office in El Paso county at which place the payments were to be made, was called upon to prove its permit to do business in the state before it could recover, and the trial court, in the absence of such proof, was clearly justified in dismissing the suit.

The judgment is affirmed.

WALTHALL, J., did not participate in this case.