**MIMS BROS. v. N. A. JAMES, Inc.**

No. 9395.

Court of Civil Appeals of Texas.   Austin.
July 21, 1943.

Rehearing Denied Sept. 29, 1943.

Writ of Error Denied Nov. 10, 1943.

See 175 S.W.2d 74.

B. W. Smith, of San Angelo, for appellants.

Clyde Vinson, of San Angelo, for appellee.

McCLENDON, Chief Justice.

■ The appeal is from a judgment of the county court sustaining a motion to dismiss "for want of sufficient cause appearing in the affidavit and petition," and dismissing a writ of certiorari theretofore granted to review a default judgment of the justice court against "Mims Bros., a firm composed of Joe Mims and Jack Mims." . The suit was brought against "Mims Bros., a firm composed of Joe Mims and Jack Mims, of Sterling County, Texas, and George Demere of Water Valley, Texas." Demere was dismissed from the suit. One ground of the petition for certiorari (appellants' fifth point) urges that this action was improper because the firm of Mims Bros. was alleged (in above quotation which is from the citation) to be composed of the two Mimses and Demere. The language quoted does not reasonably import, we think, that Demere was a member of the firm. At most, it is only ambiguous in this regard, and this ambiguity is entirely removed by other portions of the citation which clearly show that Demere was not a member of the firm. The point is overruled.

■ The first point is that the trial court abused its discretion in considering the motion to dismiss the certiorari; under which it is urged that the motion, which asserted in general terms "want of sufficient cause appearing in the affidavit and petition for certiorari," was insufficient under Rule 90, Texas Rules of Civil Procedure. The rules governing practice in the justice court are covered in Part V, Texas Rules of Civil Procedure. Rule 523 prescribes that the rules governing district and county courts shall also govern justice courts, "except where otherwise specifically provided by law or these rules." Sec. 7 of Part V prescribes in detail the procedure in certiorari from the county court. Rule 586 authorizes the adverse party (within 30 days after service) to "move to dismiss the certiorari for want of sufficient cause." The motion was in literal compliance with this rule, and was therefore properly considered.

■ The sixth point is that the judgment is void. The vice asserted under this point is that the officer's return of citation had not been on file for ten days before default judgment was granted as prescribed in Rule 107. We overrule this point upon the same ground as point 4. Citation and return in justice court cases are specifically prescribed in Rules 534 and 535.

The second and fifth points are predicated upon the failure to comply with Art. II of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix § 520, relating to default judgments. As stated, the suit was against Mims Bros., a firm composed of Joe Mims and Jack Mims; no personal judgment against either member of the firm was sought or recovered, the recovery being against "defendant, Mims Brothers, a firm composed of Joe Mims and Jack Mims." The citation was addressed to Mims Bros., and was served upon Jack Mims. The petition for certiorari was filed by the firm alone, and was verified by Jack Mims. It alleged in this connection that: Joe Mims was in the U. S. military service and had been since April, 1942; no affidavit was filed to the effect that he was not in the military service, and no attorney was appointed to represent him; and Jack Mims "had no attorney representing him in said suit." Meritorious defense of the suit was asserted by allegations to the effect that the firm never contracted the debt sued upon, and did not owe it. No reason is asserted why Jack Mims did not appear or otherwise answer for the firm.

The above § 520(1), in substance, requires, as a prerequisite to entering any default judgment, that the plaintiff file an affidavit "setting forth facts showing that the defendant is not in military service,"

or that plaintiff is "not able to determine whether or not defendant is in such service." It also provides for the appointment of an attorney to represent the man in service. Where it does not appear that defendant is not in service the court may, as a condition to rendering judgment, require a bond to indemnify the defendant, if in military service. § 520(3) provides that where the defendant in service does not appear in person or by authorized attorney, the court may appoint an attorney to represent him, and may require a bond to protect his interest; but such attorney shall have no power to waive any of his rights. § 520(4) authorizes reopening of such judgment against one in the service "by the court rendering the same," if prejudice by reason of such service is shown, "upon application, made by such person * * not later than ninety days after the termination of such service," provided meritorious defense is shown. However, rights of bona fide purchasers for value under such judgments are protected.

§ 520 of the present act is in all material respects the same as the 1918 act, 50 U.S. C.A.Appendix § 111.

■■ A default judgment, taken without the affidavit or other requirements of § 520, is not thereby rendered void, but merely voidable at the instance of the service man upon proper showing of prejudice and injury. The act is for the exclusive benefit of the serviceman (and others expressly mentioned therein but not here involved). He alone can take advantage of it; and then only upon showing that his interest has been deleteriously affected. These principles seem to be well settled by adjudicated cases upon the subject. See annotations under 50 U.S.C.A.Appendix §§ 111 and 520, and in A.L.R., Vols. 130, p. 774; 137, p. 451; 140, p. 1509; 141, p. 1515; 142, p. 1514; 143, p. 1525; 144, p. 1511.

We are not here concerned with the proceeding authorized by § 520(4), which may be brought by the serviceman within the prescribed time. That proceeding must be brought in the court in which the default judgment was rendered—the justice court, in this instance.

The instant proceeding is by the firm filed in another (the county) court to review the action of the justice court. True, the trial in the county court is de novo, where the writ is granted. But application for the writ must show "sufficient cause",

Rule 577, Texas Rules of Civil Procedure; and Rule 578: "To constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect."

In so far as concerns Jack Mims or the firm as such, the application did not negative "inexcusable negligence." The issue is therefore narrowed down to whether the application shows that "injustice was done" to Joe Mims by reason of failure to comply with § 520. The only showing in this regard is the bare fact that he was a constituent member of the firm. We think this showing insufficient for reasons following:

■ A partnership may sue or be sued in its partnership name "for the purpose of enforcing for or against it a substantive right". Rule 28, Texas Rules of Civil Procedure. The effect of this rule was, we think, to treat the partnership as such a legal entity, at least to the extent of obtaining and enforcing a judgment by or against it. Independently of the rule a judgment against a partnership is not enforcible against a member thereof who has not been sued and served and a personal judgment rendered against him. His interest is affected by such judgment only to the extent of his interest in the partnership assets; and such interest would depend upon the terms of the partnership agreement and the condition of the partnership assets and business. Such interest in the partnership assets might be merely nominal. And besides, the condition of the partnership assets, liabilities and business might be such that a judgment of the amount here involved could be enforced without detriment to his interest therein.

■ Now, let us assume that the affidavit had been filed in the justice court showing that Joe Mims was in the service. Under § 520(3) the justice might (may), he not appearing personally or by an authorized attorney, appoint an attorney to represent him, and might (may) require a bond to protect him. These requirements, however, are discretionary. See authorities under above annotations, and see also, by analogy, Boone v. Lightner, 63 S. Ct. 1223, 87 L.Ed.——. The proper exercise of such discretion would depend

upon whether his interest in the partnership assets would be materially affected by the judgment. And clearly such discretion would not be reviewed absent a showing of material injury to his interest. There being no showing to that effect in the application for certiorari, we hold that "sufficient cause" for the writ was not shown and the motion to dismiss the certiorari was properly granted.

This holding in no way affects the right of Joe Mims to have the judgment set aside by application filed in the justice court at any time within the prescribed period.

The trial court's judgment is affirmed.

Affirmed.