**JOHNSON**

v.

**PIONEER MORTGAGE CO. et al.**

No. 4972.

Court of Civil Appeals of Texas.

El Paso.

Jan. 20, 1954.

Rehearing Denied Feb. 17, 1954.

Odeneal & Odeneal, Dallas, for appellant.

Vactor H. Stanford and Robert B. Payne, Dallas, for appellees.

HAMILTON, Chief Justice.

Bailey Johnson, appellant, brought suit in the nature of a bill of review for the purpose of setting aside a default judgment previously entered in cause No. 98537–a in the County Court of Dallas County, at Law No. 1, in favor of appellee Pioneer Mortgage Company and against appellant and appellee C. W. Patrick. Said cause No. 98537–a had been filed by appellee Pioneer Mortgage Company against appellant and appellee C. W. Patrick as partners for the recovery of certain penalties under unused loan commitments for certain standardized fees and for reasonable attorneys fees. Neither defendant in such case answering or appearing, appellee Pioneer Mortgage Company was awarded default judgment. After the expiration of the time for perfecting an appeal from such default judgment appellant filed cause No. 99105–a in the nature of a bill of review in the same trial court, join-ing the same parties, seeking to have the judgment complained of set aside as being void, and further setting up grounds for a bill of review, alleging that he, appellant, had a meritorious defense and seeking to excuse lack of diligence in defending said cause No. 98537–a. Upon trial to the court it was shown that appellee Pioneer Mortgage Company was a partnership composed of A. D. Alexander, Jr. and William F. McCarver. However, plaintiff's petition in the cause below did not identify the partners, plaintiff having merely sued in the name of "Pioneer Mortgage Company". Evidence concerning appellant's excuse for not defending said cause No. 98537–a was controversial. At such hearing the trial court denied the relief sought by appellant, who has perfected this appeal.

Appellant predicates this appeal upon two points, one being that the court erred in refusing to declare the judgment in cause No. 98537–a to be void on the ground that appellee Pioneer Mortgage Company was nowhere identified in said case sufficiently to show its status; the other being that the court erred in that it denied appellant's bill of review because appellant had a meritorious defense to the action giving rise to the judgment under attack, and that appellant showed some excuse for failing to answer or appear at said trial.

We think appellant's first point should be overruled. Rule 28 of the Rules of Civil Procedure provides that persons engaged in business as a partnership may sue or be sued in their partnership name. There is nothing in said rule that requires that the partners be identified. We have found no case since the adoption of said rule holding that such is required. We think the effect of the rule is to treat the partnership as a legal entity, at least to the extent that a judgment may be obtained by it or a judgment may be enforced against it. Mims Bros. v. N. A. James, Inc., Tex.Civ.App., 174 S.W.2d 276.

We think that if it were necessary to know who were the members of the partnership suing that under proper pleading

the court would have discretionary power to compel such disclosure as may be necessary to protect a defendant in his right to assert defenses or counterclaims. MacDonald, Texas Civil Practice, Vol. 1, par. 3.06, pp. 187–188.

We overrule appellant's second point. Although the appellant by his testimony shows a weak excuse for failing to answer or appear at the trial, appellee's evidence contradicted appellant's testimony very positively. We will not disturb the trial court's implied finding that insufficient excuse was shown for appellant's failure to appear or answer.

The case is affirmed.