Anthony CALIVA, Jr., et al., Appellants,

v.

TEXAS CONSTRUCTION MATERIAL CO. et al., Appellees.

No. 14383.

Court of Civil Appeals of Texas.

Houston.

June 18, 1964.

Ellis F. Morris, Houston, for appellants.

Murfee, Hoover & Stillwell, Houston, Monroe Northrop, Houston, of counsel, for appellee Missouri Pac. R. Co.

Vinson, Elkins, Weems & Searls, Houston, Sam W. Davis, Jr., Houston, of counsel, for appellee Texas Const. Material Co.

WERLEIN, Justice.

Appellees sued King Construction Company, a partnership, on a debt. An agreed judgment was entered by the trial court on May 17, 1963 in favor of appellees and against said company. Months after such judgment became final, the court on motion of appellees entered on November 18, 1963 a judgment nunc pro tunc against not only said partnership, composed of Anthony Caliva, Jr. and George T. Caliva, but also against said partners, jointly and severally. Appellants, Anthony Caliva, Jr. and George T. Caliva, have perfected their appeal from the order of the court overruling their motion to vacate such nunc pro tunc judgment.

In their motion to enter the nunc pro tunc judgment appellees alleged the agreed settlement and that pursuant thereto the court on May 17, 1963 "entered a judgment directing that defendant, King Construction Company, pay to movants the amounts aforesaid." They then alleged:

"III.

"That King Construction Company has refused and still refuses to pay any parts of the amounts aforesaid to your movants thereby making it necessary for your movants to seek enforcement of their judgment by means of Writ of Execution.

"IV.

"That said judgment was drawn and approved by your movants in a spirit of compromise while they were operating under the reasonable expectation

that it would be voluntarily paid and that, therefore, it assessed judgment solely against the King Construction Company.

"V.

"That the King Construction Company is and was at all times pertinent to this lawsuit a partnership composed of Anthony Caliva, Jr., and George T. Caliva, doing business as King Construction Company, and they are, therefore, the actual parties Defendant against whom judgment and execution should run.

"Based upon the above and foregoing facts, movants petition the Court to now enter said judgment in the form hereto attached and shown in exhibit A."

The trial court in its judgment nunc pro tunc, among other things recites:

"WHEREUPON, the Court having heard and considered the pleadings and evidence and the parties having made it known to the Court that they had arrived at an amicable agreement for the settlement of the matters involved herein, subject to the approval of the Court, whereby the Defendant and Counter-Defendant, King Construction Company, a partnership composed of Anthony Caliva, Jr., and George T. Caliva, is to pay in compromise settlement and judgment the sums of Four Thousand and No/100 ($4,000.00) Dollars to Missouri Pacific Railroad Company and Five Thousand Six Hundred and No/100 ($5,600.00) Dollars to Texas Construction Material Company and Court costs incurred, which settlement is and was made and approved by all the parties aforesaid; and the Court, being of the opinion that such agreement and settlement is fair and reasonable with respect to all parties hereto, does hereby approve the same and enter judgment accordingly.

"It is therefore ORDERED, ADJUDGED and DECREED by the Court that the Plaintiff, Texas Construction Material Company and Counter-Plaintiff Missouri Pacific Railroad Company, do have and recover from the Defendants King Construction Company, a partnership composed of Anthony Caliva, Jr., and George T. Caliva, and Anthony Caliva, Jr., and George T. Caliva, jointly and severally, the sums of Five Thousand Six Hundred and No/100 ($5,600.00) Dollars and Four Thousand and No/100 ($4,000.00) Dollars respectively."

In the original judgment no mention whatever is made of Anthony Caliva, Jr. or George T. Caliva. The judgment was taken solely against King Construction Company. Nor was it mentioned in the judgment that King Construction Company was a partnership. In the petition of appellee, Texas Construction Material Company there is nothing to show that King Construction Company was a partnership, nor is either of appellants mentioned by name or otherwise. Citation on said petition, which was made on one H. C. Murphy, Agent, does not reflect that King Construction Company was a partnership. No citation was had upon either of appellants.

It is true that in the original answer and cross-action of King Construction Company it is alleged that such company is a partnership composed of George T. Caliva and Anthony Caliva, Jr. but said individuals did not join in the answer nor did they seek any relief in the company's cross-action. The answer is that of King Construction Company, which alone prays for relief.

In King Construction Company's motion to extend time in which to answer the request for admissions filed by counter-plaintiff, Missouri Pacific Railroad Company, King Construction Company is described as a partnership composed of said Anthony Caliva, Jr. and George T. Caliva but only King Construction Company prays for the

extension of time in which to answer the request for admissions.

In the first original counter-claim of appellee, Missouri Pacific Railroad Company, it is shown that King Construction Company is a partnership composed of George T. Caliva and Anthony Caliva, Jr. Said appellee, however, prays for citation to be served only on King Construction Company and for judgment only against such company. Service of citation was made only on such company by delivering the citation to George T. Caliva, as an agent of said company, but was not made on George T. Caliva as an individual or partner. The mention of the names of the Calivas in the instances above referred to is merely descriptive of the partnership that was sued. Pope v. State, Tex.Civ. App., 86 S.W.2d 475.

It is thus seen that neither of the Calivas was ever sued or served with citation in the suit, and that neither of them made an appearance therein, and that the original judgment was entered against only King Construction Company. There is no recitation in appellees' motion to enter judgment nunc pro tunc to the effect that any other judgment than that entered against said company was ever rendered or intended to be rendered. There is nothing in the judgment nunc pro tunc to show that the original judgment was entered by mistake or that the original judgment was not the judgment actually rendered by the court. There is nothing in the record to indicate that the nunc pro tunc judgment is the judgment that was actually rendered by the court on May 17, 1963. Even in their motion to enter judgment nunc pro tunc appellees judicially admit that pursuant to a settlement agreement the court entered judgment against the defendant Construction Company, and that said judgment was drawn and approved by appellees and that in expectation that it would be paid, "it assessed judgment solely against King Construction Company."

It is appellees' contention that the nunc pro tunc judgment was entered pursuant to Rule 317, Texas Rules of Civil Procedure, to correctly show the judgment that was actually rendered by the court. The record does not support such contention. It is clear that the original judgment entered by the court against only King Construction Company reflects accurately the judgment that was actually rendered. Appellees have wholly failed to show that such judgment was entered through error or mistake.

The law in this State is well settled that a clerical error in entering a judgment as distinguished from a judicial error, may be corrected by the court after the judgment has become final. A court has the inherent power to correct a judgment by entry of a judgment nunc pro tunc so as to properly recite the effect of the court's judgment as rendered. Coleman v. Zapp, 1912, 105 Tex. 491, 151 S.W. 1040; Knox v. Long, 1953, 152 Tex. 291, 257 S. W.2d 289; Williams v. Pitts, 1952, 151 Tex. 408, 251 S.W.2d 148; Railroad Commission of Texas v. Jackson, Tex.Civ.App., 315 S.W.2d 193, writ ref., n. r. e.; Rules 316 and 317, Texas Rules of Civil Procedure; McDonald, Texas Civil Practice, Vol. 4, §§ 17.07 and 17.08.

In the instant case the court unquestionably rendered the original judgment which the attorneys approved and the judge signed, and which was entered on the minutes of the court. It is nowhere shown in the record that one judgment was rendered and a different purported judgment was entered upon the court minutes. In other words, the attempted correction was of a judicial error, if error there was, instead of a clerical error. The attempt was to have the court correct or change the judgment rendered, rather than the minutes. This cannot be done except by a bill of review. Love v. State Bank & Trust Company of San Antonio, 1936, 126 Tex. 591, 90 S.W.2d 819; Arrington v. McDaniel, 1930, 119 Tex. 148, 25 S.W.2d

295; Bolling v. Rodriguez, Tex.Civ.App., 212 S.W.2d 838, writ ref., n. r. e.; Conley v. Conley, Tex.Civ.App., 229 S.W.2d 926, writ dism.

It was also error for the trial court to enter the nunc pro tunc judgment against Anthony Caliva, Jr. and George T. Caliva since neither was a party to the suit, neither made an appearance in the case, and neither was served with citation upon him as an individual or partner. Article 2223, Vernon's Annotated Texas Civil Statutes.

In Mallory v. Russell, Tex.Civ.App., 242 S.W. 1112, dism., the court said:

"But we are of the opinion that the judgment rendered was not against the individual partners. In House v. Wells [Tex.Civ.App.], 112 S.W. 114, writ refused, Chief Justice James, speaking for the court of Civil Appeals of the Fourth District, said:

" "The adjudication against the defendants by the firm name disposed of both partners and their liability as far as the partnership assets extended. The failure to adjudicate against them as individuals was in effect a denial of any such relief.'"

In Mims Bros. v. N. A. James, Tex. Civ.App., 174 S.W.2d 276, writ ref., the Court held:

"A partnership may sue or be sued in its partnership name 'for the purpose of enforcing for or against it a substantive right.' Rule 28, Texas Rules of Civil Procedure. The effect of this rule was, we think, to treat the partnership as such a legal entity, at least to the extent of obtaining and enforcing a judgment by or against it. Independently of the rule a judgment against a partnership is not enforcible against a member thereof who has not been sued and served and a personal judgment rendered against him. His interest is affected by such judgment only to the extent of his interest in the partnership assets; * * *."

See also Johnson v. Pioneer Mortgage Co., Tex.Civ.App., 264 S.W.2d 761, dism.

The nunc pro tunc judgment is vacated and held for nought.

Reversed and rendered.