STROUD'S CREEK HOMEOWNERS'
ASSOCIATION et al., Appellants,

v.

Eugene BROWN et al., Appellees.

No. 17967.

Court of Civil Appeals of Texas,
Fort Worth.

May 11, 1978.

Rehearing Denied May 25, 1978.

Laurance L. Priddy, Fort Worth, for appellants.

Hooper, Kerry, Chappell & Broiles and R. David Broiles, Fort Worth, for appellees.

OPINION

SPURLOCK, Justice.

This is a venue case. This lawsuit was originally brought by Stroud's Creek Homeowners' Association against Stroud's Creek Land Company, a Texas limited partnership, for damages allegedly caused by the failure to complete certain improvements in a subdivision located in Hood County, Texas. Robert Newkirk and Eugene Brown were both served with citation as general partners of the land company. The land company then filed its answer in the form of a general denial. Later, the land company filed its first supplemental answer and special exceptions, to the effect that the individual lot owners should be joined as parties. After the trial court sustained special exceptions directed to the fact that the individual lot owners should be joined, plaintiff filed its second amended original petition, whereby it joined the individual lot owners as plaintiffs and also pled the case as a class action. Additionally, plaintiffs formally named Newkirk and Brown, the two general partners in the land company, as defendants. The land company, Brown and Newkirk each filed pleas of privilege, to which plaintiffs filed a controverting affidavit. Following a hearing, the trial court sustained all three pleas of privilege. Plaintiffs have perfected their appeal.

We reverse and render judgment overruling the defendants' plea of privilege.

By their fourteenth point of error, plaintiffs contend that "(T)he trial court erred in sustaining appellees' pleas of privilege for the reason that one, some, or all of such pleas of privilege were waived by appellees." The plaintiffs' theory is that the land company (a limited partnership) waived its right and the two general partners' right to be sued in the county of their residence by filing the original answer before filing any plea of privilege.

■ It is well-established that the failure to file a plea of privilege prior to filing an answer constitutes a waiver of the plea of privilege. 59 Tex.Jur.2d *Venue* §§ 151, 158 (1964).

With reference to a general partnership, Tex.Rev.Civ.Stat.Ann. art. 6132b, § 15 (1970) provides in part that:

"All partners are liable jointly and severally for all debts and obligations of the partnership . . . ."

With reference to a general partner in a limited partnership, Tex.Rev.Civ.Stat.Ann. art. 6132a, § 10 (1970) provides in part that:

"A general partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners, . . . ."

As these two statutory provisions provide, the general partners are jointly and severally liable when a plaintiff obtains a judgment against a limited partnership.

Newkirk and Brown, both of whom are general partners in the limited partnership, were served with citation at the initiation of the litigation.

Tex.R.Civ.P. 28 (Supp.—1978), effective January 1, 1971, provides:

"Any partnership, . . . may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted."

Tex.Rev.Civ.Stat.Ann. art. 6132b, § 46 (1970) specifically saved Tex.Rev.Civ.Stat. Ann. art. 2033 (1964) from being repealed. This latter article provides:

"Citation served upon one member of a partnership or firm shall be sufficient to authorize a judgment against the firm and the partners actually served."

■ We hold that the two general partners (Brown and Newkirk) were properly before the court from the time that the original answer was filed. The filing of the answer resulted in a waiver of any venue complaint. We sustain appellants' fourteenth point of error.

We reverse the ruling of the trial court and render judgment overruling the defendants' pleas of privilege.

## OPINION ON MOTION FOR REHEARING

Defendants strenuously contend that this court "erred in holding that Defendants Brown and Newkirk were before the Court in their individual capacities at the time the Land Company's Original Answer was filed."

Brown and Newkirk were both general partners of the land company. Defendants assert that a judgment "could have been enforced against the assets of the Land Company, the limited partnership, but not against the individual assets of Brown and Newkirk." (Emphasis added). It is defendant's contention that our holding on the waiver of the venue issue thus conflicts with the holdings in these cases: *Frank v. Tatum,* 87 Tex. 204, 25 S.W. 409 (1894); *Glasscock v. Price,* 92 Tex. 271, 47 S.W. 965 (1898); *McManus v. Cash & Luckel,* 101 Tex. 261, 108 S.W. 800 (1908); *King v. Monitor Drill Co.,* 42 Tex.Civ.App. 288, 92 S.W. 1046 (1906); *Feldman v. Seay,* 291 S.W. 350 (Tex.Civ.App.—San Antonio 1927, no writ); *Mims Bros. v. N.A. James,* 174 S.W.2d 276 (Tex.Civ.App.—Austin 1943, writ ref'd, 141 Tex. 554, 175 S.W.2d 74); *Caliva v. Texas Construction Material Co.,* 380 S.W.2d 641 (Tex.Civ.App.—Houston 1964, no writ).

We have read each of these cases and note that they were decided between 1894 and 1964. However, as we set forth in our

original opinion in this case, there have been some important statutory enactments in the area of Texas Partnership Law; i. e., the Texas Uniform Partnership Act and the Texas Uniform Limited Partnership Act. We particularly rely upon the four statutory provisions cited in our original opinion in this case.

We adhere to our original holding that the two general partners (Brown and Newkirk), both of whom were served with citation, were properly before the court from the time that the original answer was filed, and thus, the filing of the answer resulted in the waiver of any venue complaint.

The motion for rehearing is overruled.